GREEN ET AL., APPELLEES, *v.* THE HUNTINGTON NATIONAL BANK OF COLUMBUS, APPELLANT.

(No. 39312—Decided December 15, 1965.)

80

*Mr. James C. Justice* and *Mr. Robert Albright*, for appellees.

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. Francis J. Wright, Mr. C. Emory Glander* and *Messrs. Porter, Stanley, Treffinger & Platt*, for appellant.

TAFT, C. J. The first question to be decided is whether what defendant does in its "estate analysis" program amounts to the practice of law.

The Court of Appeals found in substance that, in defendant's conduct of that program, the defendant provides "specific legal information in relation to the specific facts of a particular person's estate * * * for the purpose of obtaining a more beneficial estate condition in relation to tax and other consequences of death." We believe that the record fully supports such a finding even if we confine the word "consequences" to "legal consequences"; and we believe that such conduct by defendant would represent the giving of legal advice.

This giving of legal advice was not an isolated instance.

Such advice was repeatedly given by defendant with the reasonable expectation of receiving full compensation for the giving of such legal advice. Although the bank specifically charged nothing for this legal advice, it admittedly gave that advice with the reasonable expectation of profit from doing so, *i. e.*, the expectation that a substantial number of those to whom it gave such advice would name the bank as a fiduciary and thereby enable the bank to receive compensation for its fiduciary services that would in the aggregate fully justify and pay for any and all expenses connected with its estate analysis program.

One who repeatedly gives legal advice to others with the expectation of being compensated therefor is thereby engaging in the practice of law. *Land Title Abstract & Trust Co.* v. *Dworken* (1934), 129 Ohio St. 23, 193 N. E. 650 (paragraph one of syllabus: "The practice of law * * * embraces * * * all advice to clients * * * in matters connected with the law."); *In re Brown, Weiss and Wohl* (1963), 175 Ohio St. 149, 192 N. E. 2d 54.

In *Judd* v. *City Trust and Savings Bank* (1937), 133 Ohio St. 81, 12 N. E. 2d 288, the syllabus reads in part:

"4. * * * A fiduciary, whether an individual or a trust company, may exercise the privilege of completely executing the particular trust in all its details. Such trust companies may, therefore, through their regular attorney-employees, draft papers incident to the administration of the trusts in their hands, and appear in the Probate Court or other courts in matters pertaining to the execution of such trusts.

"5. This privilege, however, does not operate as a license to render legal services for others. Such companies must adhere to the business of executing the trusts in their control; they have no right or authority through their attorney-employees to give independent legal advice to those beneficially interested * * * or to advise * * * others claiming some interest in the trust estate, where such advice * * * would partake of a legal nature."

*A fortiori*, they would have no right to give such advice to those not beneficially interested or not claiming some interest in such trusts.

Although the bank constantly advised those who sought its

help and advice to consult their attorneys, and refused to draw any of the instruments necessary to put its suggestions into effect, this would not prevent what the bank was doing in its estate analysis program, as hereinbefore described, from amounting to the practice of law.

As aptly stated in Oregon State Bar v. Miller (1963), 235 Ore. 341, 344, 385 P. 2d 181:

"* * * Much of the advice contained in the report to the client could not be given without an understanding of various aspects of the law, principally the law of taxation. Most of the advice is in terms of 'suggestions.' In each instance the client is urged to consult his own attorney. * * * the fact remains that the client receives advice from defendants and the advice involves the application of legal principles. This constitutes the practice of law.

"* * * The legal ingredient in the advice may be so insubstantial as to call for the application of the principle of de minimis non curat lex. * * * [but] It cannot be said that one who plans another person's estate employs the law only in an insubstantial way."

Defendant in effect argues that the giving of legal advice by the defendant in its estate analysis program does not deprive lawyers of income from what is referred to as "business" that would otherwise have gone to them. Instead, it is argued that such activity by defendant provides lawyers with income they would not otherwise have gotten because it encourages those who would have done nothing about their estate problems to employ lawyers to confirm or improve upon the defendant's recommendations and to draw the necessary legal instruments to complete a planned estate. These arguments may be sound and may indicate a lack of interest by plaintiffs in the economic welfare of the legal profession, but they provide no reason for a holding that defendant's estate analysis program does not involve the practice of law.

There is at least a suggestion in defendant's brief that defendant is more qualified than the general lawyer to provide the legal advice necessary to reach sound conclusions with respect to estate planning and that there is therefore a public interest in making such legal advice from defendant available to its pro-

spective customers. There is nothing to prevent such a customer from getting any benefit he would have gotten from such advice if the defendant is enjoined from giving it to prospective customers. The lawyer of a prospective customer will undoubtedly welcome the helpfulness of defendant in developing an estate plan in which defendant is to be a fiduciary.

In order to avoid any misunderstanding, the judgment of the Court of Appeals should be modified so as to avoid any interference with full discussion by the defendant with counsel for a client, who is a customer or prospective customer of the bank, of any and all legal problems that may be involved in the planning or administration of such client's estate.

Defendant relies on *State Bar Assn. of Connecticut* v. *Connecticut Bank & Trust Co.* (1959), 146 Conn. 556, 153 A. 2d 453. The opinion and the previous opinion in that case (145 Conn. 222, 140 A. 2d 863) each indicates that Connecticut regards as the practice of law certain activities which this court has described in paragraph four of the syllabus of *Judd* v. *City Trust & Savings Bank, supra* (133 Ohio St. 81), and held not to amount to the practice of law. Those Connecticut opinions seem to be inconsistent with our conclusion in this case with regard to defendant's estate analysis program only to the extent that they seem to sanction "reviewing wills and trust agreements, * * * in obtaining * * * trust department customers." The only other activity dealt with by the Connecticut opinions, which is involved in the instant case, was "disseminating general information." This is not prohibited by the Court of Appeals judgment in the instant case.

We recognize that the two-to-one decision in *Merrick* v. *American Security & Trust Co.* (C. C. A. D. C. 1939), 107 F. 2d 271, certiorari denied, 308 U. S. 625, 84 L. Ed. 521, 60 S. Ct. 380, is contrary to our conclusions in the instant case, but it also even sanctions the occasional drafting of trust agreements. This is directly contrary to our holding in *Judd* v. *City Trust & Savings Bank, supra* (133 Ohio St. 81).

Defendant contends further that, since a national bank is an instrumentality of the federal government, a state has no power to regulate its activities except where Congress permits.

Defendant concedes that the only authority that a national

84

bank now has to exercise any trust powers must be found in Section 92a(a), 12 U. S. Code, which authorizes the Comptroller of the Currency (similar provisions were in effect before this section replaced Section 248 [k] in 1962) "* * * to grant by special permit to national banks applying therefor, *when not in contravention of state or local law,* the right to act as trustee, executor, administrator * * * guardian of estates * * * or in any other fiduciary capacity in which state banks, trust companies or other corporations which come into competition with national banks are permitted to act under the laws of the state in which the national bank is located." (Emphasis added.)

Further provisions of that statute impose specific restrictions on national banks so acting whether or not they are imposed upon state banks.

In our opinion, these statutory enactments by Congress in effect expressly provide against the practice of law by a national bank in the conduct of its trust business where, as here, such practice by state banks or trust companies is "in contravention of state * * * law." *State Bar Assn. of Connecticut* v. *Connecticut Bank & Trust Co., supra* (145 Conn. 222).

We fail to see what possible relevance the decisions in *Sperry* v. *Florida, ex rel. Florida Bar* (1963), 373 U. S. 379, 10 L. Ed. 2d 428, 83 S. Ct. 1322, and *In re Battelle Memorial Institute* (1963), 175 Ohio St. 132, 191 N. E. 2d 807, certiorari denied, 375 U. S. 952, 11 L. Ed. 2d 312, 84 S. Ct. 442 (holding that a state may not prohibit the practice of patent law by one authorized by the United State Patent Office to so practice), or *Sears, Roebuck & Co.* v. *Stiffel Co.* (1964), 376 U. S. 225, 11 L. Ed. 2d 661, 84 S. Ct. 784 (holding that a state may not give monopoly rights in a non-patentable product), have on this problem.

We agree with defendant that the portion of the judgment relative to "providing specific comments or advice on the form of investments and on the management of assets" is likely to be misleading. There may be instances where such comments or advice may amount to the unlawful practice of law, but we believe that other parts of the Court of Appeals judgment would be sufficient to enjoin any such comments or advice.

For the reasons stated, the injunctive provisions of the judgment of the Court of Appeals should be revised (1) so as

to eliminate the specific provisions enjoining defendant "from offering or providing specific comments or advice on the form of investments or on the management of assets in a particular estate for the purpose of obtaining for a particular person or persons a more beneficial estate condition in relation to the tax and other consequences of death upon such estate" and (2) so as to add the following after the injunction against "offering or providing * * * specific legal information in relation to the specific facts of a particular estate":

"Provided that nothing herein shall interfere with the offering or providing of such information to counsel for a client, who is a trust customer of defendant, or to counsel for a client, who is a prospective trust customer of defendant, or interfere with full discussion between defendant and such counsel with respect to any and all legal problems that may be involved in the planning or administration of his client's estate."

*Judgment modified and, as modified, affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.