STARK COUNTY BAR ASSOCIATION *v.*
BEAMAN ET AL.

(No. UPL-90-4—Decided
December 17, 1990.)

BOARD OF COMMISSIONERS ON THE
UNAUTHORIZED PRACTICE OF LAW.

*Robert C. Meyer* and *Evan W. Morris, Jr.,* for relator.

*Opinion and Order.* This matter came before the Board of Commissioners on the Unauthorized Practice of Law for formal hearing on September 21, 1990. Members of the board present and participating were Kenneth F. Seibel, Chairman, Santiago Feliciano, Jr., Paul M. Greenberger, Jeffrey L. Maloon, Dennis E. Murray, Sr., D. John Travis, and John W. Waddy, Jr.

Relator was represented by Robert C. Meyer and Evan W. Morris, Jr. Respondents, Andrew Beaman and Andrew Beaman, d.b.a. Hendershott-Beaman Associates, were served with the complaint, prehearing order, and notice of hearing. However, respondents did not file an answer to the complaint or prehearing order. Neither respondents nor their representative appeared at this hearing or otherwise communicated with the board.

Relator's complaint, filed May 10, 1990, alleged that respondent Beaman is not an attorney at law and that he has engaged in the unauthorized practice of law by:

(a) advising and counseling residents of Ohio, with respect to the laws of Ohio governing wills, descent and distribution, and estates, and the estate tax laws of Ohio and of the United States;

(b) advising and counseling residents of Ohio that a specific type of trust agreement would be suitable for their respective estates and should be established; and

(c) preparing and drafting trust agreements and other legal documents for residents of Ohio, and assisting residents of Ohio in the execution of those documents in Ohio to carry into legal effect the advice and counsel given, as aforesaid.

At the hearing, Robert C. Meyer, counsel for relator, stated that Beaman operates an estate-planning service and that he primarily uses a revocable living trust that he prepares and funds through the sale of life insurance and annuities. Meyer also stated that relator's unauthorized practice of law committee met with Beaman on January 19, 1990 and that Beaman indicated the following at the meeting:

(1) He went to law school in Canada and was at one time licensed to practice law there, but he is not licensed to practice law in Ohio.

(2) He has prepared trust agreements by combining forms he obtained from legal form books.

(3) He keeps abreast of changes in tax law and prepares addendums to his clients' trust agreements.

Relator's Exhibit 2, introduced at the September 21, 1990 hearing, is a

transcript of a videotape used by respondents as a sales or promotional tool. In the videotape, Beaman purports to explain probate and trust law and the operation of the revocable living trusts that he creates, including income and estate tax consequences. Also introduced were trusts and addendums prepared by respondent for a client, Marjorie Miller.

Relator's Exhibit 3 is a four-page document entitled, "The Hendershott-Beaman Revocable Trust." This document, which relator obtained from Beaman together with Exhibit 2, was described by relator's counsel as a sales tool. Like the videotape, this document purports to explain probate and trust law, including the disposition of property, and to describe the operation of living trusts prepared by Beaman.

Section 2(A) of Gov. Bar R. VII states: "The unauthorized practice of law is the rendering of legal services for others by anyone not registered under Rule VI or Rule XI of the Rules for the Government of the Bar of Ohio." Relator's Exhibit 1 is a certificate from the Clerk of the Supreme Court of Ohio indicating that respondent is not and has never been admitted to practice law in Ohio. Therefore, the issue before this board is whether respondents' activities constitute "the rendering of legal services" and, therefore, the unauthorized practice of law.

It has been stated that two activities included in the practice of law are: (1) preparing legal instruments or documents that affect the legal rights of others; and (2) advising others on their legal rights and responsibilities. ABA/BNA Lawyers' Manual on Professional Conduct (1984), at page 21:8004. The uncontroverted evidence before this board establishes that the trust agreements prepared by respondents, for a fee, significantly affect the legal rights of their clients concerning the control and disposition of their clients' assets. The evidence also establishes that respondents provide advice to their clients on their legal rights and responsibilities in tax and probate matters.

Paragraph one of the syllabus of *Green* v. *Huntington Natl. Bank of Columbus* (1965), 4 Ohio St. 2d 78, 33 O.O. 2d 442, 212 N.E. 2d 585, reads as follows:

"A bank or trust company which provides specific legal information in relation to the specific facts of a particular person's estate for the purpose of obtaining a more beneficial estate condition in relation to tax and other legal consequences of death is giving legal advice."

The evidence before this board establishes that respondent Beaman "provides specific legal information" in tax and estate matters.

In *Ohio State Bar Assn.* v. *Berning* (1982), Shelby C.P. No. 81-CV-346, unreported, the court found that the following activity by a non-lawyer constituted the unauthorized practice of law:

(a) advising and counseling residents of Ohio with respect to the laws of Ohio governing the probate of decedents' estates and the tax laws of Ohio and the United States;

(b) advising and counseling residents of Ohio that a specific type of trust agreement would be suitable for their respective estates and should be established; and

(c) preparing and drafting trust agreements, deeds to real property for residents of Ohio, and the supervision of the execution of those documents in Ohio to carry into effect the advice and counsel given, as aforesaid.

The evidence before this board establishes that respondents have engaged in each of these activities.

After careful review and consider-

ation of the pleadings, exhibits, and arguments of counsel, it is the conclusion of this board, all members concurring, that relator has proven the allegations of its complaint to the extent required by Gov. Bar R. VII, that respondents have engaged in the unauthorized practice of law, and that relator should be authorized to proceed pursuant to Section 8 of Gov. Bar R. VII.

The board, all members concurring, authorizes relator Stark County Bar Association to commence an action in a court of competent jurisdiction for the purpose of obtaining a judicial determination whether respondents have engaged in the unauthorized practice of law.

Notice of this authorization shall be served upon relator, respondents, all counsel of record, Disciplinary Counsel, and the Ohio State Bar Association.

Pursuant to Section 9 of Gov. Bar R. VII, relator may seek reimbursement from the board for its expenses and attorney fees incurred in the further prosecution of this matter.