Dear Representative Thompson:
This office is in receipt of your request for an opinion of the Attorney General. Your question is relative to the legality of the marketing of a revocable living trust by MDA, Marketing.
MDA, Marketing offers insurance products and "Revocable Living Trusts" to senior age citizens who reply to a mail-return card. At an initial interview the MDA, Marketing Representative explains to the prospective buyer how their assets will be transferred by using a will, and how the Revocable Living Trust avoids probate for transfer of assets. In the Trust package for a one time fee a representative renders the following services:
1. Preparation of Living Trust documents;
 2. Notarizing, Recording, Witnessing, and Transfer of assets into the Revocable Living Trust; and
 3. A follow-up quarterly News Letter that will continue to educate the client and offer assistance.
The question by MDA, Marketing is if they are doing anything against the law by offering this service, and it appears the significant issue, therefore, is if the services being rendered by MDA, Marketing violates the prohibition of the unauthorized practice of law.
The unauthorized practice of law is prohibited by R.S. 37:213, and the Louisiana Supreme Court has stated in Louisiana State Bar Ass'n v. Edwins,540 So.2d 294 (LA. 1989), that the prohibition against the practice of law by a layman is grounded in the need of the public for integrity and competence of those who undertake to render legal services. Competent professional judgment is the product of a trained familiarity with law and legal processes, a disciplined, analytical approach to legal problems, and a firm ethical commitment. The court stated:
 The essence of the professional judgment of the lawyer is his educated ability to relate the general body and philosophy of law to a specific legal problem of a client; and thus, the public interest will be better served if only lawyers are permitted to act in matters involving professional judgment.
Thus, the prohibition is designed to protect the public from legal services by persons unskilled in the law.
While we do not find a Louisiana case that has considered if the services in question constitute the practice of law, we find the case of Stark County Bar Assn. v. Beaman, 574 N.E.2d 599, 60 Ohio Misc.2d 176
(1990) which appears to have similar services. Therein a complaint was brought before the Board of Commissioners on the Unauthorized Practice of Law against Beaman who dealt in revocable living trust through the sale of life insurance and annuities. His service was set forth as follows:
 (a) advising and counsels residents with respect to the laws of Ohio governing wills, descent and distribution of estates, and the estate tax laws of Ohio and the United States;
 (b) advising and counseling residents that a specific type of trust agreement would be suitable for their respective estates and should be established; and
 (c) preparing and drafting trust agreements and other legal documents for residents, and assisting them in the execution of those documents in Ohio to carry into legal effect the advice and counsel given, as aforesaid.
The Board found the practice of law includes (1) preparing legal instruments or documents that affect the legal rights of others, and (2) advising others on their legal rights and responsibilities. They concluded the evidence established Beaman was engaged in the unauthorized practice of law and action should commence in court for a judicial determination.
In the Edwins case, supra, the court referred to prior case law defining the practice of law as including "the preparation of legal instruments of all kinds, and in general, all advice to clients and all action taken for them connected with the law." The court points out under R.S. 37:212 the practice of law includes, if done for consideration, the advising or counseling of another as to secular law, the drawing or procuring of a paper, document or instrument affecting or relating to secular rights in behalf of another, and doing any act, in behalf of another, tending to secure for the other establishment of a right.
Based upon the Ohio case and definition of "practice of law" by the Louisiana Supreme Court, it would seem MDA, Marketing is involved in the unauthorized practice of law since it is indicated the representative advises the prospective buyer on the succession law of the state and how the trust will avoid probate, and then prepares a trust document, notarizes and records the same for the transfer of the assets.
However, the question of the legality of the procedure should be presented to the Louisiana Bar Association for their consideration. They can more fully determine what services are rendered, and what would be permitted in order to avoid the unauthorized practice of law.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General