PER CURIAM.
Pursuant to rule 10 — 7.1(b) of the Rules Regulating The Florida Bar, Ira C. Hatch, on behalf of American Family Living Trust, petitioned The Florida Bar Standing Committee on the Unlicensed Practice of Law (the Standing Committee) for an advisory opinion on the following question:
Whether it constitutes the unlicensed practice of law for a corporation or other nonlawyer to draft living trusts and related documents for another where the information to be included in the living trust is gathered by nonlawyer agents of the corporation or by the nonlawyer and the completed documents are reviewed by a member of The Florida Bar prior to execution.
*427 We have jurisdiction to review the proposed advisory opinion pursuant to rule 10-7.1(g) of the Rules Regulating The Florida Bar and article V, section 15 of the Florida Constitution.
The Standing Committee received similar requests from a number of other parties, and responded by holding two hearings where both oral and written testimony were received. Following the hearings, the Standing Committee voted to issue the proposed opinion which finds that nonlawyer companies selling living trusts are engaging in the unlicensed practice of law and that the public is either actually being harmed or has the potential of being harmed by this practice.
The proposed opinion describes the process of creating a living trust as involving five steps: 1) gathering the necessary information; 2) assembling the document; 3) reviewing the document with the client; 4) properly executing the document; and 5) funding the trust document, plus a threshold question of whether the client needs a living trust and identifying the type required. The Standing Committee is of the opinion that, in order to protect the public from harm, steps 1, 2, 3, and 5 should be performed by a lawyer, and that step 4, the execution of the documents, should at least be supervised by an attorney if he or she does not personally execute the documents. The proposed opinion also concludes that “attorney review as proposed by the petitioner does not render the document that of the attorney so as to remove the activity from the unlicensed practice of law.”
The proposed advisory opinion also distinguishes this Court’s recent decision in The Florida Bar Be Advisory Opinion— Nonlawyer Preparation of Pension Plans, 571 So.2d 430 (Fla.1990). In the pension plan case, this Court found that nonlawyer professionals could properly prepare a pension plan for another and present the necessary documents to federal agencies. Id. at 433. However, the Standing Committee notes that this Court specifically found that practice in the pension area is before administrative agencies by authorized professionals, and thus the public is afforded protection through federal regulation and licensing. The proposed opinion concludes that the rationale of the pension plan case is not applicable to this case where nonlawyer sellers and drafters of living trusts are not held accountable to any governmental agency or body.
A number of interested parties filed objections to the proposed advisory opinion. Several companies which market living trust estate plans and a national public interest organization representing consumers of legal services object to the proposed opinion as being factually and legally unwarranted and constitutionally flawed. The Florida Bankers Association, several associations representing certified public accountants, and the Florida Association of Life Underwriters object to the scope of the proposed opinion.
In addition, the bankers and the certified public accountants have filed stipulations between their organizations and the Standing Committee. These stipulations state that the proposed opinion does not “apply to the activities of corporate fiduciaries associated with financial trust departments [who are] acting within the scope of their employment” nor does it “relate in any way to the practice of public accountancy as defined in section 473.302(4), Florida Statutes (1989).” The Standing Committee also acknowledges that it received no testimony and found no evidence of public harm caused by the activities of these professionals, and that the hearings were limited to the factual context of “corporations and non-lawyer individuals soliciting and selling individualized living trust documents to persons who were not represented by independent counsel.”
After hearing oral argument, reviewing the proposed advisory opinion, and considering the comments of the interested parties, we approve that portion of the proposed opinion which concludes that the assembly, drafting, execution, and funding of a living trust document constitute the practice of law. We also agree that a lawyer must make the determination as to the client’s need for a living trust and identify the type of living trust most appro *428 priate for the client. As this Court stated in In re Joint Petition of The Florida Bar & Raymond, James & Assocs., Inc., 215 So.2d 613, 613-14 (Fla.1968), “[gjiving legal advice ... concerning the application, preparation, advisability or quality of any legal instrument or document or forms thereof in connection with the disposition of property inter vivos or upon death” constitutes the practice of law and may not be carried on by nonlawyers. A living trust document involves the disposition of property at death, and consequently requires legal expertise. However, consistent with this Court’s opinion in Raymond, James, gathering the necessary information for the living trust does not constitute the practice of law, and nonlawyers may properly perform this activity.
The question posed by petitioner also presents a potential conflict of interest for a lawyer employed by a corporation or other entity involved in the sale of living trusts. Loyalty is an essential element in the lawyer’s relationship to a client. In advising a client about the disposition of property after death, the lawyer must first determine whether a living trust is appropriate for that client. If so, the lawyer must then ensure that the living trust meets the client's needs. If the lawyer is employed by the corporation selling the living trust rather than by the client, then the lawyer’s duty of loyalty to the client could be compromised. See Rules Regulating The Florida Bar 4 — 1.7(b) (lawyer shall not represent a client if the lawyer’s exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer’s responsibilities to another client or to a third person) and 4-1.8(f) (lawyer shall not accept compensation for representing a client from one other than the client unless: client consents; there is no interference with lawyer’s independence of professional judgment or client-lawyer relationship; and information relating to representation is protected). In light of this duty of loyalty to the client, a lawyer who assembles, reviews, executes, and funds a living trust document should be an independent counsel paid by the client and representing the client’s interests alone.
We reject the claim by the interested parties that this opinion violates a number of constitutional guarantees. Specifically, the parties contend that a determination that the nonlawyer sale of living trusts constitutes the unlicensed practice of law would violate their First Amendment commercial speech rights, impair interstate commerce, and deny their right to liberty and property without due process. This Court has rejected similar claims regarding the unlicensed practice of law raised by nonlawyer professionals. See Nonlawyer Preparation of Pension Plans, 571 So.2d at 433.
The life insurance agents seek to “preserve permissible existing rights (and duties) for qualified, regulated, non-lawyer insurance agents to participate in their proper roles in the creation of a living trust.” We find this opinion to be consistent with the “existing rights” of life insurance agents. Life insurance agents may properly sell life insurance that will fund a living trust and may offer advice on funding the trust from a financial standpoint, as these activities do not involve legal advice or services. Although life insurance agents are regulated by chapter 626, Florida Statutes (1991), living trusts are not an insurance product, and thus, not subject to these statutory regulations that govern life insurance agents in their insurance-related activities.
Accordingly, we find that the assembly, drafting, execution, and funding of a living trust document constitute the practice of law. As provided by the stipulations filed in this case, this opinion does not apply to the activities of corporate fiduciaries associated with financial trust departments or to the practice of public accountancy.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.