**OHIO STATE BAR ASSOCIATION et al.**

v.

**MARTIN, d.b.a. Kensington Estate Services.**

Board of Commissioners on the
Unauthorized Practice of Law.

No. UPL–93–2.

Decided July 20, 1994.

**16**

*Lee Clarke Davies, Albert Bell,* General Counsel, and *Charles Simpson,* for relator Ohio State Bar Association.

*Mary L. Cibella,* for relator Cleveland Bar Association.

*J. Warren Bettis,* Disciplinary Counsel, and *Sally Ann Steuk,* Assistant Disciplinary Counsel, for relator Office of Disciplinary Counsel.

*Monroe & Zucco* and *W.T. Bill Monroe;* and *Will Halker,* for respondent Reed Martin, d.b.a. Kensington Estate Services, a.k.a. Kensington Trust Preparation.

JOHN W. WADDY, JR., Chairman.

This matter came on for hearing before the Board of Commissioners on the Unauthorized Practice of Law ("board") on October 4, 1993 in Columbus, Ohio, on the formal complaint filed April 20, 1993. Members of the board present and participating in this decision were John W. Waddy, Jr., Chairman, Paul M. Greenberger, Jack R. Baker, Craig D. Barclay, and Paul D. Frankel.

Relator Ohio State Bar Association was represented by Lee Clarke Davies, Akron, Ohio; Albert Bell, General Counsel of the Ohio State Bar Association, Columbus, Ohio; and Charles Simpson, Vandalia, Ohio. Relator Cleveland Bar Association was represented by Mary L. Cibella, Cleveland, Ohio. Relator J. Warren Bettis, Disciplinary Counsel, was represented by Sally Ann Steuk, Assistant Disciplinary Counsel, Columbus, Ohio. Respondent Reed Martin, d.b.a. Kensington Estate Services, a.k.a. Kensington Trust Preparation, was represented by W.T. Bill Monroe of Monroe and Zucco, Cleveland, Ohio, and Will Halker, Sacramento, California.

Relators' complaint alleged that Kensington Estate Services was a corporation with its principal place of business located in the state of California and that it was also known as Kensington Trust Preparation. Through discovery, relators

learned that Kensington Estate Services is not incorporated and that both Kensington Estate Services and Kensington Trust Preparation are merely names used by Reed Martin ("Martin") in transacting business in Ohio and elsewhere. Relators moved to amend the complaint to name Martin as respondent. The motion was not opposed. The motion was granted pursuant to Gov. Bar R. VII(17), which states that "Amendments to any complaint * * * may be made at any time prior to final order of the Board. The party affected by such amendment shall be given reasonable opportunity to meet any new matter presented thereby." Hereinafter, respondent shall mean Reed Martin, individually, and Reed Martin, d.b.a. Kensington Estate Services, a.k.a. Kensington Trust Preparation.

Relators' complaint, as amended, alleged that respondent is not an attorney at law. The complaint also alleged that respondent engaged in the unauthorized practice of law by rendering legal advice to Ohio residents concerning the need and advisability of various types of trusts; prepared trust documents for Ohio residents; and charged and collected fees from Ohio residents in exchange for legal services rendered to or on behalf of those individuals.

At the hearing before the board, counsel for the parties waived their right to an evidentiary hearing. Relators moved for the admission into evidence of the depositions taken of Jeffrey L. Terbeek, Julian Nagy, James B. Driscoll, Glenn Fort, and Michael Phillips. The motion was not opposed and, therefore, the depositions were admitted. Additionally, the parties stipulated to the following facts:

"1. Relators, Ohio State Bar Association and Cleveland Bar Association, are regularly organized Bar Associations in the State of Ohio as is referred to in Section 5 of Rule VII of the Supreme Court Rules for the Government of the Bar of Ohio.

"2. At the time the complaint was filed, Relator, J. Warren Bettis, was the Disciplinary Counsel of the Supreme Court of Ohio as provided for by Rule V(3) of the Supreme Court Rules for the Government of the Bar of Ohio.

"3. The Respondent is Reed Martin and he does business as Kensington Estate Services, also known as Kensington Trust. Respondent has employees who since at least July 31, 1991, have maintained an office in Franklin County, Ohio. Through his employees and agents, Respondent has engaged in activities constituting unauthorized practice of law since at least July 31, 1991, in over forty counties in Ohio, including but not limited to Allen, Ashland, Ashtabula, Athens, Butler, Champaign, Clark, Columbiana, Cuyahoga, Defiance, Erie, Fairfield, Franklin, Greene, Hamilton, Hancock, Hardin, Henry, Knox, Licking, Logan, Lucas, Madison, Mahoning, Marion, Meigs, Montgomery, Morgan, Morrow, Mus-

kingum, Ottawa, Perry, Pickaway, Preble, Putnam, Richland, Seneca, Stark, Trumbull, Union, Van Wert, Warren, Washington, and Wood Counties.

"4.   Respondent's activities include, but have not been limited to:

"a.   providing specified legal advice to individuals concerning the need and advisability of 'living trusts', including 'A/B trust,' 'revocable trusts', 'irrevocable trusts', 'Q–TIP trusts', and 'insurance trusts';

"b.   preparation of, *inter alia,* trust documents, such as those mentioned in (a.) above, using information obtained through Respondent's employees or agents from individuals residing in the State of Ohio;   and

"c.   charging and collecting fees from individuals residing in the State of Ohio in exchange for legal services rendered to or on behalf of those individuals.

"5.   Respondent is not an attorney at law and is not registered under Rule VI or Rule XI of the Supreme Court Rules for the Government of the Bar of Ohio.

"6.   The activities of Respondent constitute the furnishing of legal services for others.   Respondent has engaged in the unauthorized practice of law." [1]

Gov.Bar R. VII(2)(A) states: "The unauthorized practice of law is the rendering of legal services for others by anyone not registered under Rule VI or certified under Rule II, Rule IX, or Rule XI of the Rules for the Government of the Bar of Ohio."   Respondent has stipulated, and the record demonstrates, that he is not, and never has been, an attorney registered or certified to practice law in Ohio.   Therefore, the issue before this board is whether respondent's conduct constitutes "the rendering of legal services for others" and, therefore, the unauthorized practice of law.

The Supreme Court of Ohio set forth the clearest definition of what constitutes the "unauthorized practice of law" in the case of *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650.   In the first paragraph of its syllabus, the court held:

"The practice of law is not limited to the conduct of cases in court.   It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law."

---

1.   It must be noted that "[i]n all cases coming before this Board on stipulations by the parties, the Board is required to make its own determination of whether the facts support a finding that the unauthorized practice of law has been committed." *Disciplinary Counsel v. Brown* (1992), 61 Ohio Misc.2d 792, 794, 584 N.E.2d 1391, 1392.

The court in *McMillen v. McCahan* (C.P.1960), 83 Ohio Law Abs. 1, 11, 14 O.O.2d 221, 229, 167 N.E.2d 541, 550, also described the many areas of legal practice:

"It is clear that a licensed attorney in the practice of law generally engages in three principal types of professional activity. These types are legal advice and instructions to clients to inform them of their rights and obligations; preparation for clients of documents and papers requiring knowledge of legal principles which is not possessed by an ordinary layman; and appearance for clients before public tribunals, which possess the power and authority to determine rights of life, liberty and property according to law, in order to assist in the proper interpretation and enforcement of law."

Two of the activities generally included in the practice of law are: (1) preparing legal instruments or documents that affect the legal rights of others; and (2) advising others on their legal rights and responsibilities. ABA/BNA Lawyers' Manual on Professional Conduct (1984), at 21:8004. The uncontroverted evidence before this board establishes that the various trust agreements prepared by respondent for others, for a fee, constitute legal instruments or documents, and significantly affect the legal rights of his clients concerning the taxability, control, and disposition of his clients' assets. The evidence also establishes that respondent provides advice to his clients relative to their legal rights and responsibilities in trust and tax matters.

Paragraph one of the syllabus of *Green v. Huntington Natl. Bank of Columbus* (1965), 4 Ohio St.2d 78, 33 O.O.2d 442, 212 N.E.2d 585, reads:

"A bank or trust company which provides specific legal information in relation to the specific facts of a particular person's estate for the purpose of obtaining a more beneficial estate condition in relation to tax and other legal consequences of death is giving legal advice."

In *Ohio State Bar Assn. v. Berning* (1982), Shelby C.P. No. 81–CV–346, unreported, the court found that the following activity by a non-lawyer constituted the unauthorized practice of law:

"(a) advising and counseling residents of Ohio with respect to the laws of Ohio governing the probate of decedents' estates and the tax laws of Ohio and the United States;

"(b) advising and counseling residents of Ohio that a specific type of trust agreement would be suitable for their respective estates and should be established; and

"(c) preparing and drafting trust agreements, deeds to real property for residents of Ohio, and the supervision of the execution of those documents in Ohio to carry into effect the advice and counsel given, as aforesaid."

The evidence before this board establishes that respondent has engaged in each of these activities on behalf of others and, therefore, has rendered legal services for others.

The court's determination in *Berning* is in accord with the decisions of the Supreme Courts of Colorado, Iowa, and Florida. The Supreme Court of Colorado first considered the question of whether the preparation of trust agreements by nonlawyers represented the unauthorized practice of law in 1952. In *People v. Schmitt* (1952), 126 Colo. 546, 555, 251 P.2d 915, 920, the court held that the *creation* and *sale* of trust documents by nonlawyers constitutes the unauthorized practice of law. In *People v. Volk* (Colo.1991), 805 P.2d 1116, 1118, the court followed and expanded its decision in *Schmitt* by holding that the *counseling* and sale of living trusts by nonlawyers constitutes the "unauthorized practice of law."

In *Commt. on Professional Ethics & Conduct of the Iowa State Bar Assn. v. Baker* (Iowa 1992), 492 N.W.2d 695, the Supreme Court of Iowa disciplined attorney William D. Baker for his participation in a living trust marketing scheme with Rex Voegtlin, a nonattorney. The essential facts are that Voegtlin met with group and individual prospective living trust clients. He advised them about what they needed in the way of estate planning, including, but not limited, to what documents they would need and how those documents would need to be tailored to meet their particular situation. He made all of the major decisions as to the nature and quality of the trusts for his clients. He then referred them to Baker, who merely acted as a conduit to give effect to Voegtlin's decisions. Baker never exercised professional judgment.

The court held that Baker's participation in Voegtlin's scheme constituted, among other things, the aiding in unauthorized practice of law by Voegtlin. In reaching this determination, the court described activities which constitute the practice of law:

"In short, the practice of law includes the obvious: representing another before the court. But the practice of law includes out-of-court services as well. For example, one who gives legal advice about a person's rights and obligations under the law is practicing law. *Or one who prepares legal instruments affecting the rights of others is practicing law. Or one who approves the use of legal instruments affecting the rights of others is practicing law.*" (Emphasis added.) *Id.*, 492 N.W.2d at 700–701.

The court concluded that Voegtlin's "[g]iving legal advice, directly or indirectly to individuals or groups concerning the application, preparation, advisability or quality of any legal instrument or document or forms thereof in connection with the disposition of property inter vivos or upon death, including inter vivos trusts and wills * * * constituted the unauthorized practice of law." *Id.* at 702.

In *Florida Bar re Advisory Opinion–Nonlawyer Preparation of Living Trusts* (Fla.1992), 613 So.2d 426, rehearing denied March 4, 1993, the Florida Supreme Court issued an advisory opinion wherein it held that the assembly, drafting, execution, and funding of a living trust document constitute the practice of law. The court held that a lawyer must make the determination as to the client's need for a living trust and identify the type of living trust most appropriate for the client. However, the court also held that gathering the necessary information for the living trust does not constitute the practice of law and nonattorneys may legally perform this activity. *Id.* at 427–428. The court followed this advisory opinion in *Florida Bar v. Schramek* (Fla.1993), 616 So.2d 979.

After careful consideration of the pleadings, stipulations, depositions, exhibits, the arguments of counsel, and the applicable law, it is the conclusion of this board that relators have proven certain allegations of the complaint to the extent required by Gov.Bar R. VIII, that respondent has engaged in the unauthorized practice of law as set forth in paragraphs 4(a) and 4(b) of the parties' stipulation, and that relators should be authorized to proceed pursuant to Gov.Bar R. VII(8). We do not find that respondent's use of information obtained through respondent's nonattorney employees or agents constitutes the practice of law. The mere gathering of information to be used in legal documents does not necessarily constitute the practice of law.

The board therefore authorizes relators to commence an action in a court of competent jurisdiction for the purpose of obtaining a judicial determination whether respondent Reed Martin, individually, and Reed Martin, d.b.a. Kensington Estate Services, a.k.a. Kensington Trust Preparation, has engaged in the unauthorized practice of law and for the appropriate injunctive relief permanently enjoining respondent from doing so.

Pursuant to Gov.Bar R. VII(9), and to the extent authorized, relators may seek reimbursement from the board for expenses and attorney fees incurred in the further prosecution of this matter.

A copy of this opinion shall be served upon relators, respondent, all counsel of record, and the Cuyahoga County Bar Association.

*So ordered.*