**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 172.]**

CINCINNATI BAR ASSOCIATION *v*. ESTEP.

[Cite as *Cincinnati Bar Assn. v. Estep*, 1995-Ohio-258.]

*Unauthorized practice of law—Appearance and practice before Bureau of Workers' Compensation on a workers' compensation claim constitute the practice of law and may be performed only by a registered attorney—Ohio Adm.Code 4121-2-01(B), applied.*

(No. 95-1952—Submitted October 24, 1995—Decided December 20, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on the Unauthorized Practice of Law, No. UPL-95-1.

———————————

{¶ 1} Relator, Cincinnati Bar Association, in a complaint filed March 30, 1995, charged respondent, J.R. (Jim) Estep of Union, Kentucky, with engaging in the unauthorized practice of law. Respondent filed an answer in which he denied engaging in the practice of law.

{¶ 2} Pursuant to Gov. Bar R. VII(7)(C), the parties submitted a stipulation of facts and waiver of notice and hearing to the Board of Commissioners on the Unauthorized Practice of Law ("board"). According to the stipulated evidence, respondent is not registered as an attorney at law with this court under either Gov. Bar R. VI or XI and was not so registered in 1994.

{¶ 3} In February 1994, respondent entered into a contract with Sheryl A. Class, in which respondent was appointed Class's designated representative for her then-pending workers' compensation claim. The contract between respondent and Class was for a contingent fee, with Class agreeing to pay respondent one-third of any workers' compensation benefits obtained. Respondent prepared an "Authorization of Representative of Claimant" form, which was executed by Class and filed with the Ohio Bureau of Workers' Compensation ("bureau").

Respondent thereafter corresponded with the bureau and the Industrial Commission of Ohio ("commission") and filed a notice of appeal and brief on behalf of Class.

**{¶ 4}** During his representation of Class, respondent never stated that he was an attorney and neither the bureau nor the board ever informed respondent that he was required to be an attorney in order to represent Class on her workers' compensation claim. Respondent reiterated his denial that any of his conduct constituted the practice of law, but had no objection to this court's issuing a permanent order enjoining him from representing any other workers' compensation claimant before the bureau or commission.

**{¶ 5}** On August 31, 1995, the board issued its final report. The board concluded that respondent had engaged in the unauthorized practice of law. The board recommended that the court issue an order finding that respondent had engaged in the unauthorized practice of law, prohibiting him from engaging in the unauthorized practice of law in the future, and providing for reimbursement of costs and expenses incurred by the board and relator.

**{¶ 6}** After the filing of the final report of the board, we issued an order to respondent to show cause why the report should not be confirmed and an appropriate order granted. Gov. Bar R. VII(19)(A). Respondent has not filed objections to the report.

**{¶ 7}** The cause is now before the court for the determination specified in Gov. Bar R. VII(19)(D).

———————————

*Strauss & Troy* and *Steven F. Stuhlbarg*, for relator.

*J.R. (Jim) Estep*, *pro se*.

———————————

**Per Curiam.**

**{¶ 8}** Having thoroughly reviewed the record, we adopt the findings and recommendation of the board. As the board concluded, "[t]he practice of law is not

limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients *** and in general all advice to clients and all action taken for them in matters connected with the law." *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E.650, paragraph one of the syllabus. One who gives legal advice to others with the expectation of being compensated therefor engages in the practice of law. *Green v. Huntington Natl. Bank* (1965), 4 Ohio St.2d 78, 81, 33 O.O.2d 442, 444, 212 N.E.2d 585, 587.

{¶ 9} More specifically, we have held that appearances and practice before the Industrial Commission constitute the practice of law. See *State ex rel. Nicodemus v. Indus. Comm.* (1983), 5 Ohio St.3d 58, 60, 5 OBR 115, 116, 448 N.E.2d 1360, 1362; Ohio Adm. Code 4121-2-01(B) ("No person other than an attorney in good standing may render advice or services in the preparation or presentation of a claim for compensation arising under the workers' compensation laws of Ohio if a fee for such advice or services is to be received from or charged against the one having such claim.").

{¶ 10} Accordingly, we find that respondent has engaged in the unauthorized practice of law. It is ordered that respondent be prohibited from engaging in the unauthorized practice of law in the future. It is further ordered that respondent provide reimbursement of costs and expenses incurred by the board and relator. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____