TRUMBULL COUNTY BAR ASSOCIATION *v.* HANNA ET AL.

[Cite as *Trumbull Cty. Bar Assn. v. Hanna* (1997), 80 Ohio St.3d 58.]

(No. 97–1021—Submitted July 7, 1997—Decided October 8, 1997.)

*Paul W. Newendorp* and *Robert F. Burkey,* for relator.

*Lynn A. Sheftel,* for respondent Roger D. Hanna.

*Mark H. Aultman,* for respondent Estate Assurance, Inc.

*Per Curiam.* In *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O. 313, 315, 193 N.E. 650, 652, we held that the practice of law " 'includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured * * *.' " In *Green v. Huntington Natl. Bank* (1965), 4 Ohio St.2d 78, 33 O.O.2d 442, 212 N.E.2d 585, we held that a bank's act of providing "specific legal information in relation to the specific facts of a particular person's estate" constituted the practice of law and should be enjoined. In *Green,* we specifically declared that comments or advice that a bank might give on the form of investments or the management of assets did not constitute the practice of law.

In this case, Hanna, in conjunction with a non-Ohio corporation and an attorney not admitted in Ohio, reviewed an "estate planning analysis" completed by the Deiwerts, advised them that an *inter vivos* trust would be suitable for their needs, arranged the preparation of the trust and related documents, including wills and conveyances, and supervised their execution.

Hanna's actions went far beyond advice to the Deiwerts with respect to the form of their investments and management of their assets. Hanna advised the use of a particular estate-planning device and then, rather than recommending that the Deiwerts contact their attorney about employing an *inter vivos* trust, he personally arranged for the review of the information and the preparation of the documents. By so doing, Hanna, a nonlawyer, engaged in the practice of law.

Gov.Bar R. VII(2)(A) provides that "[t]he unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio * * *." Hanna, therefore, engaged in the unauthorized practice of law.

Admittedly, an *inter vivos* trust may be useful as an estate-planning device. Unfortunately for the Deiwerts, the device was both inappropriate and ineffective in this case. Hanna gave erroneous advice about the effect of an *inter vivos* trust on estate taxes, arranged for the preparation of trust documents which needlessly complicated the Deiwerts' daily life, and failed to provide for proper witnessing and acknowledgments of the documents that were prepared.

We adopt the board's conclusion that respondent EAI did not engage in the unauthorized practice of law. Having concluded that respondent Hanna did engage in the unauthorized practice of law, we hereby enjoin Hanna from any further activity involving the counseling of persons with respect to their legal rights and the preparation of legal instruments and documents to secure the legal rights of any person.

All costs and expenses of this action are taxed to respondent Hanna.

*Judgment accordingly.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.