[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 58.]

TRUMBULL COUNTY BAR ASSOCIATION *v*. HANNA ET AL.

[Cite as *Trumbull Cty. Bar Assn. v. Hanna*, 1997-Ohio-352.]

*Attorneys at law—Individual not authorized to practice law in Ohio who gives legal advice and counsel to others to establish an inter vivos trust is engaging in the unauthorized practice of law.*

(No. 97-1021—Submitted July 7, 1997—Decided October 8, 1997.)

ON FINAL REPORT by the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL 96-2.

_____

{¶ 1} The Trumbull County Bar Association, relator, charged in a complaint that in 1991, respondents, Roger D. Hanna of Youngstown, Ohio, and Estate Assurance, Inc. ("EAI"), a Pennsylvania corporation, entered into a joint venture to prepare and offer for sale documents constituting an *inter vivos* trust. Relator further alleged that in April, May, and June 1991, Hanna, who was not an attorney, advised Frederic and Georgeanna Deiwert of Niles, Ohio, that it would be desirable for them to have an *inter vivos* or "living trust." Relators charged that on Hanna's advice the Deiwerts paid Estate Counseling Associates, Inc. ("ECA") for documents establishing an *inter vivos* trust and that Hanna answered questions about and supervised the execution of the documents by the Deiwerts.

{¶ 2} Hanna filed an answer, stating that he was a financial planner, licensed in insurance and investment products, that he met with the Deiwerts to advise and implement a financial plan for them, and that any questions he answered were incidental to selling financial products to the Deiwerts. Hanna stated that the legal documents were prepared by a Pennsylvania attorney. EAI filed an answer stating that it had purchased the stock of ECA after the incidents described in

relator's complaint, that it has never engaged in trust counseling or preparation activities in Ohio, and that it never approved of ECA's method of operation.

{¶ 3} On October 28, 1996, the parties filed a stipulation with the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court ("board") that a now-deceased Pennsylvania attorney, William D. Boyle, who was not admitted in Ohio, was the legal advisor and director of ECA and established its procedures. Part of the fees paid by the Deiwerts to ECA in March and June 1991 was transmitted to Boyle for his legal work in preparing the trust documents. The owners and officers of ECA found that Boyle had not given good legal advice and in June 1991 dismissed him as counsel. EAI, formed in 1990, purchased ECA in early 1994, and since then ECA has not marketed estate-planning services in Ohio. EAI never approved, ratified, or continued ECA's methods of operation as conducted in 1991. The parties stipulated that ECA, through Boyle, did engage in the unauthorized practice of law, but that EAI did not do so.

{¶ 4} The board held a hearing on December 13, 1996, and found that after Hanna attended a seminar sponsored by ECA in 1990, he sold living trusts as a means to avoid probate, using ECA promotional materials and forms. In 1991, Hanna advised the Deiwerts about estate planning and the advantages of a living trust. On April 1, 1991, the Deiwerts completed a form which acknowledged that they retained the services of Hanna to assist them in estate planning, that they were aware that Hanna was not an attorney, and that they appointed ECA as their attorney-in-fact to do all things necessary in connection with estate planning. They also completed an "estate planning analysis" form, which described Hanna as "Counselor" and "Reviewing Office Manager." As part of the analysis, Hanna indicated that the Deiwerts were to receive two wills, two living wills, four deeds, two registration documents for their checking account and savings account, and one registration document for their municipal bonds. Hanna forwarded the estate-planning analysis and the Deiwerts' payment to ECA, retaining $60 for himself.

Boyle reviewed the documents. Although ECA told Hanna that Boyle would review the information submitted by Hanna and reject any applicant not suited for a living trust, neither the Deiwerts' application nor any others submitted by Hanna were ever rejected. Hanna explained the documents prepared by ECA to the Deiwerts and assisted the Deiwerts in signing them.

{¶ 5} The board found that, contrary to Hanna's assurances, the *inter vivos* trust as written for the Deiwerts may not have been suitable for their needs, that contrary to the statement at the conclusion of each will, the witnesses were not present and did not observe the Deiwerts sign the wills, and that in operation the *inter vivos* trust as written precluded the Deiwerts from using their home equity as collateral and from using their checking account. The Deiwerts employed a local attorney to put their affairs in order.

{¶ 6} The board concluded that Hanna gave legal advice and counsel to the Deiwerts and thus was engaged in the unauthorized practice of law. The board also determined that ECA, but not EAI, had engaged in the unauthorized practice of law.

_____

*Paul W. Newendorp* and *Robert F. Burkey,* for relator.

*Lynn A. Sheftel*, for respondent Roger D. Hanna

*Mark H. Aultman,* for respondent Estate Assurance, Inc.

_____

*Per Curiam.*

{¶ 7} In *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O. 313, 315, 193 N.E. 650, 652, we held that the practice of law "'includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured * * *.'" In *Green v. Huntington Natl. Bank* (1965), 4 Ohio St.2d 78, 33 O.O.2d 442, 212 N.E.2d 585, we held that a bank's act of providing "specific legal information in relation to the specific facts of a particular person's estate" constituted the practice of law and should be

enjoined. In *Green*, we specifically declared that comments or advice that a bank might give on the form of investments or the management of assets did not constitute the practice of law.

{¶ 8} In this case, Hanna, in conjunction with a non-Ohio corporation and an attorney not admitted in Ohio, reviewed an "estate planning analysis" completed by the Deiwerts, advised them that an *inter vivos* trust would be suitable for their needs, arranged the preparation of the trust and related documents, including wills and conveyances, and supervised their execution.

{¶ 9} Hanna's actions went far beyond advice to the Deiwerts with respect to the form of their investments and management of their assets. Hanna advised the use of a particular estate-planning device and then, rather than recommending that the Deiwerts contact their attorney about employing an *inter vivos* trust, he personally arranged for the review of the information and the preparation of the documents. By so doing, Hanna, a nonlawyer, engaged in the practice of law. Gov.Bar R. VII(2)(A) provides that "[t]he unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio * * *." Hanna, therefore, engaged in the unauthorized practice of law.

{¶ 10} Admittedly, an *inter vivos* trust may be useful as an estate-planning device. Unfortunately for the Deiwerts, the device was both inappropriate and ineffective in this case. Hanna gave erroneous advice about the effect of an *inter vivos* trust on estate taxes, arranged for the preparation of trust documents which needlessly complicated the Deiwerts' daily life, and failed to provide for proper witnessing and acknowledgments of the documents that were prepared.

{¶ 11} We adopt the board's conclusion that respondent EAI did not engage in the unauthorized practice of law. Having concluded that respondent Hanna did engage in the unauthorized practice of law, we hereby enjoin Hanna from any further activity involving the counseling of persons with respect to their legal rights

and the preparation of legal instruments and documents to secure the legal rights of any person.

{¶ 12} All costs and expenses of this action are taxed to respondent Hanna.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————