OFFICE OF DISCIPLINARY COUNSEL *v.* TAYLOR, A.K.A. CIVIELLO.

[Cite as *Disciplinary Counsel v. Taylor* (1999), 84 Ohio St.3d 390.]

(No. 98–1322—Submitted September 16, 1998—Decided January 13, 1999.)

*Jonathan E. Coughlan,* Disciplinary Counsel, for relator.

*Charles W. Kettlewell,* for respondent.

---

***Per Curiam.*** In *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O. 313, 315, 193 N.E. 650, 652, we held that the practice of law " 'includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured * * *.' " In *Green v. Huntington Natl. Bank* (1965), 4 Ohio St.2d 78, 80, 33 O.O.2d 442, 443, 212 N.E.2d 585, 587, we held that a bank's act of providing " 'specific legal information in relation to the specific facts of a particular person's estate' " constituted the practice of law and should be enjoined.

Respondent's actions in the case before us are not as egregious as those in *Akron Bar Assn. v. Miller* (1997), 80 Ohio St.3d 6, 684 N.E.2d 288, and *Trumbull Cty. Bar Assn. v. Hanna* (1997), 80 Ohio St.3d 58, 684 N.E.2d 329. Nevertheless, as in those cases, respondent advised a person about the law, recommended a course of action, and aided her in completing legal forms. We hold that respondent, not being an attorney, was engaged in the unauthorized practice of law, and he is hereby ordered to refrain from such actions in the future. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.