PER CURIAM.
These disciplinary proceedings by The Florida Bar against Ronald L. Dykes, a member of The Florida Bar, are presently before us on complaints of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee recommended the following:
Case 65,072
As to Count I
(07A83C30)
(Martha Beach)
I recommend the respondent be found guilty and specifically he be found guilty of violating Disciplinary Rules 6-101(A)(3) for neglecting a legal matter entrusted to him, 7-101(A)(l) for intentionally failing to seek the lawful objectives of his client and 7-101(A)(2) for intentionally failing to carry out a contract of employment.
As to Count II
(07A83C37)
(Marie Hayward)
I recommend the respondent be found guilty and specifically that he be found guilty of violating Disciplinary Rule 6-101(A)(3) for neglecting a legal matter entrusted to him.
I further recommend he be found not guilty of violating Disciplinary Rules 1-102(A)(6) for other misconduct reflecting adversely on his fitness to practice law, 7-101(A)(l) for intentionally failing to seek the lawful objectives of his client and 7-101(A)(2) for intentionally failing to carry out a contract of employment.
As to Count III
(07A84C07)
(Barbara W. Eubank)
I recommend the respondent be found guilty and specifically he be found guilty of violating Disciplinary Rule 6-101(A)(3) for neglecting a legal matter entrusted to him.
I further recommend he be found not guilty of violating Disciplinary Rules 1-102(A)(6) for other misconduct reflecting adversely on his fitness [to practice] law, 7-101(A)(l) for intentionally failing to seek the lawful objectives of his client and 7-101(A)(2) for intentionally failing to carry out a contract of employment.
As to Count IV
(07A83C47)
(Mrs. Bill Vogenitz)
I recommend the respondent be found guilty and specifically he be found guilty of violating Integration Rule 11.02(3)(a) for engaging in conduct contrary to honesty, justice or good morals in the misuse of trust funds; 11.02(4) for misusing trust funds;. 11.02(4)(c) and the corresponding Bylaw for failing to maintain his trust account recordkeeping in substantial minimum compliance with the trust account requirements as well as Disciplinary Rules 1-102(A)(4) for conduct involving . misrepresentation, 1-102(A)(6) for other misconduct adversely reflecting on his fitness to practice law, 9-102(B)(3) for failure to maintain complete records in the trust account and 9-102(B)(4) for misuse of trust funds.
*743 Case 65,409
(07A84C55)
(Mr. and Mrs. David L. Kelly)
I recommend the respondent be found guilty of violating the following Disciplinary Rules: 1-102(A)(6) for engaging in other misconduct that adversely reflects on his fitness to practice law, 6 — 101(A)(3) for neglecting a legal matter entrusted to him, 7-101(A)(l) for intentionally failing to seek the lawful objectives of his clients, 7-101(A)(2) for intentionally failing to carry out a contract of employment. I note that the Bar’s complaint erroneously lists the latter rule as 7-102(A)(2). This appears to be an error.
The referee recommends that respondent be found guilty of misconduct justifying disciplinary measures and recommends that respondent be suspended for a period of six months and thereafter until he shall prove his rehabilitation as provided in Rule 11.-10(4) of The Florida Bar’s Integration Rule.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Ronald L. Dykes, is hereby suspended from the practice of law for a period of six months and thereafter until he shall prove his rehabilitation as provided in article XI, Rule 11.-10(4) of the Integration Rule of The Florida Bar. Respondent’s suspension shall be effective June 10, 1985, thereby giving respondent 30 days to close out his practice and take the necessary steps to protect his clients. Respondent shall accept no new business from the date of this order.
Judgment for costs in the amount of $4,528.88 is hereby entered against respondent, for which let execution issue.
It is so ordered.
ADKINS, Acting C.J., and ALDERMAN, McDonald, EHRLICH and SHAW, JJ., concur.