PER CURIAM
This Florida Bar disciplinary proceeding is before the Court for consideration of the referee’s report finding professional misconduct and recommending that respondent Ronald L. Dykes be disbarred. No petition for review has been filed. We consider the report pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar.
On June 10, 1985, respondent was suspended from the practice of law for six months. The Florida Bar v. Dykes, 469 So.2d 741 (Fla.1985). By the terms of the suspension, respondent was to be required to prove rehabilitation before being reinstated to active membership in The Florida Bar. He has not been reinstated.
The Florida Bar’s complaint contained four counts. On count one, the referee found that respondent had failed to notify a client of his suspension as was required by the former Florida Bar Integration Rule, article XI, rule 11.10(7). He also failed to include the client on the list of pending matters furnished to the Bar upon his suspension. The referee found respondent had violated the foregoing rule and also article XI, rule 11.02(3)(a) (conduct contrary to honesty) and the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4) (conduct involving deceit or misrepresentation) and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).
On count two, the referee found that respondent acted as personal representative for an estate after his suspension and without the service of another attorney as counsel for the estate. He notified neither the client nor the court of his suspension and failed to include the client in the affidavit provided to the Bar upon suspension. The referee found violations of rules 11.-10(7) and 11.02(3)(a) and Disciplinary Rules 1-102(A)(4) and 1-102(A)(6).
On count three, the referee found that after his suspension, respondent had communications with a client regarding the client’s pending legal business. Although the client knew about the suspension, respondent failed to provide the notice contemplated by rule 11.10(7). The referee found that the rule was violated. He also found respondent guilty of violating Disciplinary Rule 1-102(A)(6).
On count four the referee found that respondent misappropriated the funds of an estate with the intent to convert the funds to his own use. The referee found that respondent had also willfully disregarded a court order to turn over the assets of the estate to a succéssor personal representative. The referee concluded that respondent had violated Disciplinary Rules 1-102(A)(3) (illegal conduct involving moral turpitude) and 1-102(A)(4) (conduct involving dishonesty or fraud). These superseded disciplinary rules correspond to Rules of Professional Conduct 4-8.4(b) and 4-8.4(c) of the Rules Regulating The Florida Bar. The referee also found respondent guilty of violating rule 3-4.3 for disregarding a court order.
The referee recommended that respondent be disbarred and that he not be permitted to again apply for admission to The Florida Bar for a period of ten years. The respondent does not challenge the referee’s findings and recommendation. We therefore approve the referee’s report. Rule 3-7.6(c)(6), Rules Regulating The Florida Bar. Ronald L. Dykes is hereby disbarred, effective immediately. No application for his admission to The Florida Bar will be considered prior to the expiration of ten years from the date of this judgment.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Ronald L. Dykes in the amount of $2230.70, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.