PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the referee’s report. Neither party has filed a petition for review.
The complaint of The Florida Bar charging professional misconduct was set forth in two counts. On count one, the referee found that a group of clients retained respondent Michael H. Weisser to represent them in a civil action in which they had been named as defendants. The trial was scheduled for a certain week, but respondent failed to appear at the calendar call. The trial was then set to commence on a certain day, and respondent failed to appear for the trial. On the day the trial commenced, respondent filed a motion for continuance, but he failed to request a hearing on the motion. Respondent failed to ascertain whether the trial had been continued. The clients, not having been notified by respondent, did not appear at the trial. The trial in fact proceeded to final judgment, the court entering a judgment against the respondent’s clients in the amount of $30,410.56 plus interest, costs, and attorneys’ fees.
On count two, the referee found that after the denial of respondent’s motions to vacate the final judgment, he filed a notice of appeal. Then he demanded payment of a fee from the clients and advised them that unless payment was received, he would not proceed with the work on the appeal. The clients refused to pay the demanded fee, respondent refused to file a brief, and the appeal was dismissed for lack of prosecution. The referee concluded that respondent’s “conditioning his handling of the appeal upon payment of fees was improper in that an appeal was necessitated by Respondent’s neglect.”
The referee recommended that respondent be found guilty of: (count one) violation of the former Code of Professional Responsibility, Disciplinary Rule 6-101(A)(3) (neglect of a legal matter); (count two) violation of Disciplinary Rule 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).
The referee recommended that respondent receive a public reprimand. The referee noted as a mitigating circumstance that respondent had no prior disciplinary actions against him.
Pursuant to Rule of Discipline 3-7.6(C)(6) of the Rules Regulating The Florida Bar, this Court directed the parties to file briefs directed to the suitability of the disciplinary measure recommended by the referee. The Florida Bar, in its brief, took the position that the referee’s findings supported his recommendation for a public reprimand and also supported a suspension. The respondent filed no brief.
Without question, respondent violated the duty owed to his client to act with reasonable diligence in representing the client in the defense of a civil action for money damages. As a result of respondent’s dereliction and neglect, the client had no representation at the trial and suffered a final judgment in the amount of $30,410.56 together with interest, costs and attorney’s fees.
A lawyer who follows the course taken by respondent has to know that the most probable, if not inevitable, consequences of his acts will be to the detriment of the client. Respondent did seek to have the judgment set aside but the results were fairly predictable. Whereupon respondent filed a notice of appeal and then demanded payment of his fees as a condition for *65 proceeding with the appeal. The client refused to pay the fee and respondent failed to pursue the appeal and it was dismissed.
Respondent’s acts were not the result of negligence. They were intentional, and the consequences of his acts were clearly predictable and to the client’s detriment. It is unconscionable for an attorney to insist on payment of a fee to extricate a client from the adverse position which the attorney’s acts caused in the first instance.
Standard 4.41(a), Florida Standards for Imposing Lawyer Sanctions provides that suspension is appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client.
Having fully considered the matter, we now determine that the recommended discipline of a public reprimand is not appropriate and that a suspension is in order. Accordingly, attorney Michael H. Weisser is hereby suspended from the practice of law for a period of six months. To allow an orderly winding up of his practice, respondent’s suspension shall take effect thirty days from the date of this judgment, but he shall accept no new legal business after notice of this decision.
The costs of this proceeding are taxed against the respondent. Judgment for costs in the amount of $6,517.08 is hereby entered against Michael H. Weisser, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.