616 So.2d 31 (1993)
THE FLORIDA BAR, Complainant,
v.
Steven NECKMAN, Respondent.
No. 78489.
Supreme Court of Florida.
March 25, 1993.
*32 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jacquelyn P. Needelman, Bar Counsel, Miami, for complainant.
Richard B. Marx, South Miami, for respondent.
PER CURIAM.
We review the report of the referee recommending that Steven Neckman, a Florida attorney who previously resigned his license in light of disciplinary allegations, be disciplined for later engaging in the unauthorized practice of law. We have jurisdiction. Art. V, § 15, Fla. Const.
In the report, the referee found that Neckman had represented himself to be an attorney in connection with a debt-collection matter after the date his resignation became effective. It appears that Neckman may have violated a statute during this conduct. The referee also found Neckman not guilty of a separate incident of alleged unauthorized practice of law. Because the referee's findings are supported by substantial competent evidence, we accept them as proven. We agree that the unauthorized practice of law by one who has resigned the license to practice rather than face disciplinary proceedings is the equivalent of violating a prior disciplinary order of this Court.
The referee recommended that Neckman be privately reprimanded, be placed on probation and required to donate time to community service, be required to continue counseling and treatment under direction of the Florida Lawyer Assistance (FLA) program, and pay costs. Neckman accepts the referee's recommendation, while The Bar asks that he be disbarred.
Initially, we note that it is proper for discipline to be imposed upon an attorney who has temporarily resigned the license to practice law. E.g., The Fla. Bar v. Winter, 549 So.2d 188 (Fla. 1989). But we do not believe our cases stand for the proposition that the unauthorized practice of law by such a person always requires disbarment.
We agree with the Bar that a private reprimand (also called "admonishment") is inappropriate in light of Neckman's disciplinary resignation. See Fla. Standards for Imposing Lawyer Sanctions 8.4 (The Fla. Bar, 1987). However, we cannot agree that disbarment is appropriate. Disbarment would be appropriate where the violation results in injury or is an intentional repetition of prior misconduct for which discipline has been imposed. Fla. Standards for Imposing Lawyer Sanctions 8.1. The referee's findings do not establish either of these factors, and in fact disclose that they were entirely absent here.
As a general rule, the misconduct exhibited by Neckman would warrant a public reprimand. See Fla. Standards for Imposing Lawyer Sanctions 8.3. To our minds, the fact that this misconduct occurred while a prior disciplinary resignation was still in active effect constitutes an aggravating factor. However, the referee found in mitigation the following: (1) that there was no injury caused by Neckman; (2) that Neckman was not motivated by financial gain, but by a desire to help friends; (3) that the present violations are unrelated to Neckman's prior misconduct; and (4) that Neckman's rehabilitation and treatment are progressing rapidly.
In light of the foregoing, we are of the opinion that a public reprimand is warranted here, which reprimand shall be accomplished by publication of this opinion. We otherwise concur with the referee and place Neckman on probation for the remainder of the period of his mandatory resignation, during which time he shall continue *33 his treatment and perform ten hours of community service per month in the field of addictive diseases, both under the direction of FLA. We caution Neckman that any violation of this probation will constitute a contempt of court, subjecting him to further serious discipline and possible incarceration. Judgment against Neckman in favor of The Bar is hereby entered for $2,570.16, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.