673 So.2d 572 (1996)
SIGMA FINANCIAL CORPORATION, a Michigan Corporation, and Jerome S. Rydell, an Individual, Appellants,
v.
INVESTMENT LOSS RECOVERY SERVICES, INC., a Florida Corporation, National Association of Securities Dealers, Inc., Brian J. Sheen, Howard Hughes, and Joanne Hughes, Jointly and Severally, Appellees.
No. 95-1898.
District Court of Appeal of Florida, Fourth District.
May 22, 1996.
*573 Joseph H. Spiegel of Joseph H. Spiegel, P.C., Southfield, Michigan, for appellants.
Alfred A. LaSorte, Jr. of Alfred A. LaSorte, Jr., P.A., West Palm Beach, for appellees.
PER CURIAM.
The appellants challenge the dismissal of their complaint for injunction and defamation. Appellants allege in their complaint that appellees, Investment Loss Recovery Services, Inc. (ILRS) and Sheen, are engaged in the unauthorized practice of law and have defamed them in filing arbitration complaints against appellants to recover investor losses suffered by the "clients" of Sheen and ILRS. We affirm, except as to count IV.
Count I of the complaint seeks to enjoin the unauthorized practice of law by Sheen and ILRS. In Dade-Commonwealth Title Insurance Co. v. North Dade Bar Ass'n, 152 So.2d 723 (Fla.1963), the supreme court held that the Florida Bar, as the official arm of the supreme court, is exclusively vested with the authority to prosecute claims for the unauthorized practice of law. Dade-Commonwealth is controlling of this case.
Under count II, the appellants sought an injunction against Sheen and ILRS for the same conduct claiming deceptive and unfair trade practices under section 501.211, Florida Statutes (1993). Count III sought to declare ILRS and Sheen's business a nuisance on the same grounds. Because Counts I, II, and III all sought to declare the conduct as constituting the unauthorized practice of law and to enjoin ILRS and Sheen from continuing their business, we believe Dade-Commonwealth controls. Moreover, the deceptive trade practices, if any, were not directed at the appellants but instead were directed at ILRS and Sheen's "clients."
In Count IV, the appellants asserted a cause of action for defamation. The appellees moved to dismiss on the ground that the claim was premature, as the truth or falsity of the allegations was being determined in arbitration proceedings. The grounds of the motion to dismiss go to matters that are not within the four corners of the complaint and, therefore, dismissal on these grounds was error.
We do, however, affirm the dismissal of count V in which the appellants alleged that because appellees published defamatory statements about appellants, ILRS and Sheen's business is a nuisance. This does not state any recognizable cause of action.
We therefore affirm the dismissal of counts I, II, III, and V. We reverse the dismissal of count IV and remand for further proceedings consistent with this opinion.
Affirmed in part; reversed in part.
WARNER and SHAHOOD, JJ., and SPEISER, MARK A., Associate Judge, concur.