701 So.2d 835 (1997)
THE FLORIDA BAR, Complainant,
v.
Mary Ann SMANIA and Carolyn Fankhanel, Respondents.
Nos. 85818, 85819.
Supreme Court of Florida.
September 4, 1997.
Rehearing Denied November 24, 1997.
John F. Harkness, Jr., Executive Director; John T. Berry, Staff Counsel; Mary Ellen Bateman, UPL Counsel and Lori S. Holcomb, Assistant UPL Counsel, Tallahassee, and Barry W. Rigby, Branch UPL Counsel, Orlando, for Complainant.
Mary Ann Smanie, Oakland Park, pro se.
Carolyn Fankhanel, St. Petersburg, pro se.
Linsey Moore, Melbourne, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding the unlicensed practice of law by Mary Ann Smania and Carolyn Fankhanel. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed separate petitions against Mary Ann Smania and Carolyn Fankhanel, alleging the unlicensed practice of law. The cases were consolidated and Judge Robert M. Evans was appointed as referee.
The referee's report contains the following findings of fact. Fankhanel, publisher of a news journal entitled "The Grass Roots Journal," signed and filed a notice of appearance in a dissolution action to which she was not a party, stating that she had agreed to act as a representative for Norma Vaughan, one of the parties to the dissolution action. A memorandum of law filed in the dissolution action was signed by Fankhanel and Smania. An "Affidavit for Appointment of Counsel" was contemporaneously filed with the memorandum of law. The affidavit, prepared and signed by Vaughan but edited by Smania and Fankhanel, appointed Smania and Fankhanel and indicated that they would be paid for their services.
The initial brief filed and served in Vaughan's subsequent appeal was signed by Smania and Fankhanel. Smania's signature also appeared on an objection to a notice of appearance filed by Vaughan. The objection also stated, "The fees of Legal Reform Practitioners Smania and Fankhanel have just gone up." Fankhanel and Smania identify themselves as "Legal Reform Practitioners" and admit they are not licensed to practice law in Florida or any other state.
On a motion for partial summary judgment filed by the Bar, the referee concluded that the preparation and filing of legal documents by Smania and Fankhanel for Norma Vaughan constituted the unlicensed practice of law. Consequently, all pleadings signed and filed by them were subject to being *836 struck as defective. The referee further determined that Smania and Fankhanel's actions could result in harm to future litigants who might rely on Smania and Fankhanel's advice, representation, and assurances.
The referee recommended that Smania and Fankhanel each be restrained and enjoined from: appearing in court on behalf of others other than as a witness; drafting, signing, or filing pleadings or memoranda of law for others; giving legal advice for compensation; and engaging in the practice of law in Florida in any other matter until the respective respondent is duly licensed to practice in Florida. Finally, the referee recommended that costs not be taxed against Smania and Fankhanel.
The respondents do not challenge the referee's findings of fact or recommendations as to guilt in the traditional manner. However, Smania filed a "Motion to Strike Report of Referee and Standing Order for Court to Recognize Smania as a Separate Legal Entity," in which she claims, among other matters, that the referee had no jurisdiction over her. There is no merit to this argument. Rule 3-3.1 of the Rules Regulating the Florida Bar expressly states that referees are "agencies for the Supreme Court of Florida" for the purpose of administering this Court's exclusive jurisdiction over the discipline of persons admitted to the practice of law[1] and have "such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any investigation or cause." We therefore deny the motion as to this and all other matters raised in the motion. We also find no merit to Fankhanel's "Objection to the Untimely and Outrageously Inaccurate `Referee' Report, Memorandum Brief, and Request for Oral Arguments."
As to the recommendation of discipline, the Bar filed an objection, taking issue with that portion of the referee's report recommending that Smania and Fankhanel be enjoined from giving legal advice for compensation. We agree. As the Bar correctly points out, compensation is not a necessary element of proving that an individual has engaged in the unlicensed practice of law. See Florida Bar v. Keehley, 190 So.2d 173 (Fla.1966) (approving finding by referee that lack of compensation did not legalize respondent's actions); Florida Bar v. Greene, 589 So.2d 281 (Fla.1991) (approving referee's finding that attorney under suspension had engaged in the practice of law notwithstanding that attorney had not charged for services). Thus, we approve the referee's report with the caveat that Smania and Fankhanel may not give legal advice, regardless of whether they charge compensation.
We hereby permanently enjoin Smania and Fankhanel each from appearing in court on behalf of others other than as a witness; drafting, signing, or filing pleadings or memoranda of law for others; giving legal advice; and engaging in the practice of law in Florida in any other matter until the respective respondent is duly licensed to practice in Florida.[2]
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Art. V, § 15, Fla. Const. This authority carries with it the power to prevent the unlicensed practice of law. State ex rel. Fla. Bar v. Sperry, 140 So.2d 587 (Fla.1962), vacated on other grounds, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963).
[2] The referee also recommended that the restraining order be issued so as not to conflict with the publishing of news journals, periodicals, or other forms of free speech. By issuance of this injunction, we do not intend to interfere with the free speech rights of either Smania or Fankhanel. However, as nonlawyers, the activities from which they are hereby enjoined do not constitute protected speech. See Florida Bar Re Advisory Opinion-Nonlawyer Preparation of Living Trusts, 613 So.2d 426, 428 (Fla.1992); The Florida Bar Re Advisory OpinionNonlawyer Preparation of Pension Plans, 571 So.2d 430, 433 (Fla.1990); Florida Bar v. Furman, 376 So.2d 378, 379 (Fla.1979).