721 So.2d 1142 (1998)
THE FLORIDA BAR, Complainant,
v.
Michael Harris WEISSER, Respondent.
No. 87035.
Supreme Court of Florida.
May 14, 1998.
Rehearing Denied December 3, 1998.
John F. Harkness, Jr., Executive Director, John A. Boggs, Staff Counsel, and Paul A. Remillard, Assistant Director, Lawyer Regulation, Tallahassee, and Billy J. Hendrix, Bar Counsel, Miami, for Complainant.
Michael Harris Weisser, North Miami Beach, pro se.
Richard B. Marx, Miami, for Respondent.
PER CURIAM.
We have for review the report of the referee recommending that Michael H. Weisser, who previously resigned from The Florida Bar in light of pending disciplinary allegations, be disbarred without leave to apply for readmission for ten years for later engaging in the unlicensed practice of law. We have jurisdiction. See Art. V. § 15, Fla. Const.
*1143 On December 18, 1995, the Bar filed a petition for order to show cause against Weisser alleging that he had engaged in the unlicensed practice of law in violation of this Court's order dated May 9, 1991.[1] This Court issued an order to show cause. In his amended response to the order to show cause, Weisser admitted representing his son in a legal matter against Kemper Insurance Company arising from unreimbursed property damage as a result of an automobile accident in which his son was involved. Weisser asserted, however, that such representation did not amount to the practice of law. After receiving several additional responses and replies filed by the Bar and Weisser, this Court referred the matter to a referee. The referee conducted a hearing on September 17, 1996, and filed a report on November 14, 1996,[2] in which he found the following facts to be established by clear and convincing evidence.
In October 1992, Weisser filed suit against Kemper in county court in Dade County on behalf of his eighteen-year-old son. The referee found that Weisser's son was neither a minor nor unemancipated when Weisser filed suit on his behalf, and that Weisser materially misrepresented to the contrary in the county court and Bar disciplinary proceedings.
During the county court proceedings, which spanned over two and one-half years, Weisser prepared, signed, and filed numerous documents in a representative capacity for his son. He also prepared, signed, and filed several documents specifically indicating that he was an attorney, including two deposition notices containing the phrase "the undersigned attorneys," a "Motion for Sanctions and Attorney's Fees," and a notice setting a hearing on such motion. In addition, Weisser failed to advise opposing counsel that he was not a licensed Florida attorney after being notified in writing on two separate occasions that opposing counsel believed he was an attorney. Finally, Weisser failed to advise the county court judge that he was not a licensed Florida attorney despite receiving an order from the judge that evidenced his belief that Weisser was acting as an attorney. The referee found Weisser's testimony, that he did not receive or did not remember receiving the court's order, to be untruthful.
Based on the above factual findings, the referee concluded that Weisser "intentionally and contemptuously" engaged in the unlicensed practice of law. The referee rejected Weisser's assertions that, if anything, he was merely negligent in practicing law, finding such assertions illustrated Weisser's failure to acknowledge the wrongful nature of his misconduct. The referee recommended that Weisser be found in willful contempt of this Court's May 9,1991, order.
As to discipline, the referee recommended that Weisser be disbarred without leave to apply for readmission for ten years from the date of this Court's ruling in these proceedings. In recommending such discipline, the referee found that Weisser's intentional misconduct caused harm to the legal system and the profession, and that Weisser previously had been disciplined for the same or similar misconduct.[3] The referee also considered *1144 the following as aggravating factors: (1) Weisser's untruthful testimony concerning whether his son was an unemancipated minor and whether he received the judge's order in the county court proceedings; (2) Weisser's failure to acknowledge the wrongful nature of his conduct; and (3) Weisser's substantial experience in the practice of law. In mitigation, the referee found that Weisser did not have a dishonest or selfish motive in representing his son, and stated that he was "fully aware that the Respondent was representing his son and did not receive remuneration for the representation. I have taken this into account [in] the proposed discipline."
Weisser now petitions this Court for review, challenging the referee's findings regarding guilt, specifically the issue of intent, and the referee's recommendation as to discipline. Weisser argues that his case should be controlled by Florida Bar v. Neckman, 616 So.2d 31, 32 (Fla.1993), where this Court publicly reprimanded the respondent for practicing law after resigning from the Bar. The Bar requests that we approve the referee's report.
A referee's findings regarding guilt are presumed correct and will be upheld unless clearly erroneous or without support in the record. See, e.g., Florida Bar v. Hughes, 697 So.2d 501, 503 (Fla.1997). We approve the referee's findings because they are supported by substantial competent evidence. Weisser asserts that his misconduct in this case resulted from negligence rather than intentional misconduct. We disagree.
The record reveals that Weisser represented his son in the county court proceedings for over two and one-half years, during which he filed numerous documents implying that he was a licensed Florida attorney. The record also contains an order from the county court judge listing Weisser as "Esq." and an affidavit from opposing counsel stating that Weisser held himself out as an attorney in the county court proceedings. The referee considered Weisser's attempts to explain his conduct and rebut any implication that he acted or held himself out as an attorney, but the referee rejected Weisser's position and specifically found several portions of his testimony to be untruthful. The referee was in the best position to assess Weisser's character and credibility, and we therefore refrain from reweighing the evidence and substituting our judgment for that of the referee. See, e.g., Florida Bar v. Lecznar, 690 So.2d 1284, 1287 (Fla.1997).
Turning to the issue of discipline, we emphasize that although a referee's recommendation as to discipline is persuasive, it is this Court's ultimate responsibility to impose an appropriate sanction. See, e.g., Florida Bar v. Reed, 644 So.2d 1355, 1357 (Fla. 1994). However, as we stated in Lecznar regarding the recommended discipline, the referee
occupies a favored vantage point for assessing key considerationssuch as a respondent's degree of culpability and his or her cooperation, forthrightness, remorse, and rehabilitation (or potential for rehabilitation). Accordingly, we will not second-guess a referee's recommended discipline as long as that discipline has a reasonable basis in existing caselaw.
690 So.2d at 1288. In the present case, the referee recommended that Weisser be disbarred without leave to apply for readmission for ten years from the date of this Court's ruling in these proceedings. Weisser argues that any disbarment is excessive and that a public reprimand is more appropriate pursuant to this Court's decision in Neckman. In considering the totality of the circumstances *1145 and the referee's observations and recommendations, we find that disbarment is warranted. However, as explained below, we disagree with the referee's recommendation as to the length of disbarment.
In Florida Bar v. Brown, 635 So.2d 13, 13-14 (Fla.1994), we found an individual to be in contempt of this Court and disbarred him for practicing law after resigning from the Bar in light of disciplinary allegations. In doing so, we held that a "[c]lear violation of any order or disciplinary status that denies an attorney the license to practice law generally is punishable by disbarment, absent strong extenuating factors." Id. In Florida Bar v. Bauman, 558 So.2d 994, 994 (Fla.1990), we disbarred an attorney for practicing law during his six-month suspension, stating that "[w]e can think of no person less likely to be rehabilitated than someone like respondent, who wilfully, deliberately, and continuously, refuses to abide by an order of this Court." These cases are consistent with Florida Standard for Imposing Lawyer Sanctions 8.1, which provides that disbarment is appropriate where an individual:
(a) intentionally violates the terms of a prior disciplinary order and such violation causes injury to a client, the public, the legal system, or the profession; or
(b) has been suspended for the same or similar misconduct, and intentionally engages in further similar acts of misconduct.
In the present case, it is clear that Weisser intentionally violated this Court's order granting his resignation from the Bar by initiating litigation and engaging in extensive legal representation for over two and one-half years, and this misconduct caused injury to the legal system and the profession. In addition, Weisser previously has been disciplined for similar acts of misconduct, as this Court suspended him in 1988 for "intentional" and "unconscionable" misconduct, see Florida Bar v. Weisser, 526 So.2d 63, 64-65 (Fla.1988), issued an order in 1990 commanding him to cease practicing law until reinstated to the Bar, see Florida Bar v. Weisser, No. 74,986 (Fla. Jan. 22, 1990)(unpublished order), and granted his petition for resignation in 1991 which was entered while disciplinary allegations were pending against him.[4]See Florida Bar v. Weisser, 581 So.2d 1311 (Fla.1991). Thus, disbarment is an appropriate sanction in the present case pursuant to Brown, Bauman, and standard 8.1.
Furthermore, contrary to Weisser's assertions, this Court's decision in Neckman actually supports disbarment in this case. In Neckman, the respondent resigned from the Bar in light of disciplinary allegations and later held himself out as a licensed attorney in a single matter on behalf of his friends. See 616 So.2d at 32. In analyzing the appropriate discipline in Neckman, we stated that "[d]isbarment would be appropriate where the violation results in injury or is an intentional repetition of prior misconduct for which discipline has been imposed." Id. (citing Fla. Stds. Imposing Law. Sancs. 8.1). However, we found that disbarment would not be appropriate in Neckman because the referee's findings did not establish that the respondent's misconduct violated either prong of standard 8.1, and the mitigating factors found by the referee necessitated a sanction less severe than disbarment.
Specifically, the referee in Neckman found in mitigation that (1) there was no injury caused by the respondent's misconduct; (2) the respondent was motivated by a desire to help friends, not by financial gain; (3) the respondent's misconduct was unrelated to his prior misconduct; and (4) the respondent's rehabilitation and treatment under the supervision *1146 of the Florida Lawyer's Assistance (FLA) program was progressing rapidly. See id. Based on the referee's findings, we concluded that the appropriate discipline was a public reprimand coupled with probation, community service in the field of addictive diseases, and continuing counseling and treatment under the direction of FLA.
Conversely, in the present case, disbarment is appropriate based on our statement in Neckman that such discipline is proper "where the violation results in injury or is an intentional repetition of prior misconduct for which discipline has been imposed." 616 So.2d at 32 (citing standard 8.1). As discussed above, Weisser's intentional misconduct caused injury to the legal system and the profession, and he previously has been disciplined for the same or similar misconduct. In addition, the only common mitigating factor present in this case and in Neckman is the absence of a dishonest or selfish motive, see Florida Standard for Imposing Lawyer Sanctions 9.32(b), while there are serious aggravating factors in this case which were not present in Neckman.
Specifically, in this case, Weisser failed to acknowledge the wrongful nature of his conduct, see id. at 9.22(g), and he presented untruthful testimony concerning whether his son was an unemancipated minor and whether he received the judge's order in the county court proceedings. See id at 9.22(f). These aggravating factors, combined with Weisser's substantial experience in the practice of law, see id. at 9.22(i), further support the imposition of disbarment in this case. See id. at 9.21 (providing that aggravating factors "may justify an increase in the degree of discipline to be imposed").
At the same time, however, a ten-year disbarment would be excessive in light of that sanction being imposed in other cases involving more egregious misconduct. In Florida Bar v. Lechtner, 666 So.2d 892, 894 (Fla.1996), this Court disbarred an attorney without leave to apply for readmission for ten years where the attorney had been convicted of racketeering, bribing judges, and four counts of mail fraud. In Florida Bar v. de la Puente, 658 So.2d 65, 70 (Fla.1995), this Court imposed a ten-year disbarment for misappropriation of client funds, forgery, misrepresentations to probate court, fabricating evidence pertinent to the disciplinary proceedings, and encouraging witnesses to lie. In Florida Bar v. Davis, 657 So.2d 1135, 1137 (Fla.1995), this Court disbarred a judge for ten years where the judge accepted bribes and committed other acts of misconduct. Finally, in Florida Bar v. Dykes, 513 So.2d 1055, 1056 (Fla.1987), this Court disbarred an attorney without leave to apply for readmission for ten years where the attorney (1) failed to notify a client of his six-month suspension; (2) acted as personal representative of an estate after being suspended; (3) communicated with a client about pending legal business during his suspension; (4) misappropriated estate funds with the intent to convert the funds to his own use; and (5) willfully disregarded a court order to turn over estate assets to a successor personal representative.
These cases involved conduct more egregious than that exhibited by Weisser in the present case, and we therefore find that a five-year disbarment effective retroactive to November 14, 1996the date the referee's report was filedis the appropriate sanction in this case. See Florida Bar v. Kaufman, 684 So.2d 806, 810 (Fla.1996) (agreeing with recommended disbarment but reducing term from ten to five years). Such a disciplinary measure is fair to society, fair to Weisser, and severe enough to deter others from engaging in similar misconduct. See, e.g., Florida Bar v. Lawless, 640 So.2d 1098, 1100 (Fla.1994).
Accordingly, we find Michael H. Weisser in contempt of this Court and hereby disbar him without leave to apply for readmission for a period of five years in accordance with rule 3-5.1(f) of the Rules Regulating The Florida Bar. This disbarment shall be effective retroactive to November 14, 1996, the date the referee's report was entered in this case. Judgment for costs in the amount of $3,443.18 is hereby entered against Weisser, for which sum let execution issue.
It is so ordered.
*1147 KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] The May 9, 1991, order granted Weisser's uncontested petition for resignation from the Bar without leave to apply for readmission for three and one-half years effective retroactive to July 8, 1988.
[2] Although the referee filed his report on November 14, 1996, this appeal was not perfected until January 8, 1998. Weisser's original counsel withdrew representation shortly after the September 17, 1996, hearing, and his new counsel did not file a notice of appearance in this Court until September 18, 1997. Between those times, Weisser made numerous pro se filings which, combined with the various extensions of time granted to both Weisser and the Bar, contributed to the lengthy delay in these proceedings.
[3] In 1988, this Court suspended Weisser for six months because he neglected a legal matter and engaged in conduct adversely reflecting on his fitness to practice law. See Florida Bar v. Weisser, 526 So.2d 63, 64-65 (Fla.1988). Specifically, a judgment in excess of $30,000 was entered against Weisser's clients because Weisser failed to appear at a calendar call and at trial, and Weisser demanded payment of attorney's fees before proceeding with the appeal to overturn the judgment. See id. The appeal was dismissed when the clients refused to pay, and this Court stated the following in imposing the six-month suspension:

Respondent's acts were not the result of negligence. They were intentional, and the consequences of his acts were clearly predictable and to the client's detriment. It is unconscionable for an attorney to insist on payment of a fee to extricate a client from the adverse position which the attorney's acts caused in the first instance.
Id. at 65.
Also, in January 1990, this Court issued an order commanding Weisser to immediately cease practicing law until he was reinstated to the Bar, stating that "[a]lthough respondent will not be held in contempt in this case, his conduct in this matter will be considered in reinstatement proceedings." See Florida Bar v. Weisser, No. 74,986 (unpublished order issued January 22, 1990). Furthermore, in Florida Bar v. Weisser, 581 So.2d 1311 (Fla.1991) (issued May 9, 1991), this Court granted Weisser's petition for resignation from the Bar, which was entered in light of pending allegations that he had violated the six-month suspension and the cease and desist order.
[4] The referee correctly found that Weisser's 1991 resignation from the Bar, entered pursuant to Rule Regulating The Florida Bar 3-7.12, was a "disciplinary resignation." Although the 1991 version of rule 3-7.12 did not label such a resignation a "disciplinary resignation," see id.; see also Florida Bar re Amendments to Rules Regulating The Florida Bar, 621 So.2d 1032, 1043 (Fla. 1993) (adding term "disciplinary"), Weisser was still required to apply for readmission under the same procedures as subsequent versions of the rule which did, and still do, characterize such a resignation as "disciplinary." See id. Therefore, Weisser's resignation was "disciplinary" in nature. Cf. Florida Bar v. Segal, 663 So.2d 618, 621 (Fla.1995) (finding attorney's 1994 attempt to voluntarily resign was a "nullity" because "[t]he only resignation available to an attorney faced with allegations of a disciplinary violation is a `disciplinary resignation' under rule 3-7.12.").