791 So.2d 1181 (2001)
STATE of Florida, Appellant,
v.
Robert Vernon PALMER, Appellee.
No. 1D00-989.
District Court of Appeal of Florida, First District.
July 26, 2001.
Rehearing Denied August 29, 2001.
*1182 Barry Richard and Elliot H. Scherker of Greenberg Traurig, P.A., Tallahassee and Miami, for Appellant and Amicus Curiae The Florida Bar.
Robert A. Butterworth, Attorney General and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellant.
Clyde M. Collins, Jr., Jacksonville, for Appellee.
VAN NORTWICK, J.
The State of Florida appeals a trial court order dismissing three of the four counts of an information against appellee, Robert Vernon Palmer, which charged Palmer, a disbarred attorney, with the unlawful practice of law contrary to section 454.31, Florida Statutes (1997). We agree with the argument of the state and the Florida Bar, appearing as amicus curiae, that, because Article V, section 15, of the Florida Constitution does not preclude the legislature from criminalizing the unlicensed practice of law by a disbarred attorney, section 454.31 is not unconstitutional. Accordingly, we reverse the trial court's order dismissing counts two, three and four of the information.

Factual and Procedural History
Palmer was disbarred by the Supreme Court of Florida on October 31, 1991, retroactive to May 4, 1989. The Florida Bar v. Palmer, 588 So.2d 234 (Fla.1991). On December 14, 1999, the state filed an information charging Palmer, in count one, with a scheme to defraud and, in counts two through four, with practicing law while disbarred or suspended contrary to section 454.31. The conduct constituting the practice of law was alleged to have occurred in the fall of 1998 when appellant solicited clients and represented to them that he was an attorney. Upon Palmer's pro se motion to dismiss, the trial court dismissed counts two, three and four reasoning that (i) section 454.31 was superseded by rule *1183 3-7.14, Rules of Discipline; (ii) rule 10-1.2, Rules Governing the Investigation and Prosecution of the Unlicensed Practice of Law, expressly provides the Florida Bar with the authority and duty to consider, investigate, and seek "the prohibition of matters pertaining to the unlicensed practice of law and the prosecution of alleged offenders;" and (iii) the Florida Supreme Court has the "ultimate responsibility" to discipline attorneys admitted to practice law in Florida, as well as the authority to investigate and prosecute for unauthorized practice of law, relying upon The Florida Bar v. Weisser, 721 So.2d 1142, 1144-45 (Fla.1998).

Section 454.31

Raises No Separation of Powers Issue
Section 454.31 provides in pertinent part:
Any person who has been disbarred and who has not been lawfully reinstated or is under suspension from the practice of law by any circuit court of the state or by the Supreme Court of the state who shall either directly or indirectly practice law in any manner or hold himself or herself out as an attorney at law or qualified to practice law shall be guilty of a misdemeanor of the first degree ...
The issue before us is whether section 454.31 violates an exclusive power granted to the judicial branch by the Florida Constitution. We hold that it does not.
Article II, section 3 of the Florida Constitution divides the state's government into the legislative, executive and judicial branches and provides that "[n]o person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein." This section, known as the "separation of powers clause," embodies one of the fundamental principles of government in our federal and state constitutions and prohibits the unlawful encroachment by one branch upon the powers of another. See Chiles v. Children A, B, C, D, E and F, 589 So.2d 260, 263-64 (Fla. 1991). The separation of powers clause, however, "does not mean that every governmental activity is classified as belonging exclusively to a single branch of government." Simms v. State Dep't of Health and Rehab. Servs., 641 So.2d 957, 960 (Fla. 3d DCA 1994). Instead, the Article II, section 3, prohibition "is directed only to those powers which belong exclusively to a single branch of government." Id.; see also State v. Atlantic Coast Line R.R., 56 Fla. 617, 47 So. 969, 974 (1908). Thus, a branch of government is prohibited from exercising a power only when that power has been constitutionally assigned exclusively to another branch; and the separation of powers doctrine does not contemplate that every governmental activity must be classified as belonging exclusively to a single branch. Simms, 641 So.2d at 960; State v. Johnson, 345 So.2d 1069 (Fla.1977); Department of Health and Rehab. Servs. v. Hollis, 439 So.2d 947 (Fla. 1st DCA 1983).
Article V, section 15 provides that "[t]he supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted." This section does not purport to grant the Florida Supreme Court exclusive jurisdiction to prohibit the practice of law by a disbarred or suspended attorney. In fact, it makes no reference to the regulation of the unauthorized practice of law. While Article V, section 15 does gives the Supreme Court inherent authority to enjoin the unlicensed practice and issue contempt citations against persons engaged in the unlicensed practice of law, see State ex rel. The Florida Bar v. Sperry, 140 So.2d 587 (Fla.1962), vacated on other grounds, 373 U.S. 379, 83 *1184 S.Ct. 1322, 10 L.Ed.2d 428 (1963); The Florida Bar v. Schramek, 616 So.2d 979 (Fla.1993); The Florida Bar v. Smania, 701 So.2d 835 (Fla.1997), the Supreme Court's exercise of that inherent power does not exclude the legislature from exercising overlapping power over the unlicensed practice of law by a disbarred attorney. Compare Simms, 641 So.2d at 961 (recognizing "the fact that one branch has inherent authority does not necessarily mean that all others are excluded.").
We find persuasive the reasoning of the Supreme Court in Pace v. State, 368 So.2d 340 (Fla.1979). There, the Court recognized that, pursuant to the police power, the legislature can enact penal statutes that affect the legal profession. In Pace, a Florida Bar member was convicted of the solicitation of legal business in violation of the so-called anti-solicitation statute, section 877.02(1), Florida Statutes (1973).[1] Pace argued that, because the solicitation of legal business is subject to professional discipline by the Florida Supreme Court, section 877.02(1) violated Article V, section 15 of the state constitution by intruding upon the Supreme Court's exclusive jurisdiction over the discipline of members of the Bar. In rejecting Pace's argument, the Court explained:
The appellant's other major contention is that the Anti-Solicitation Statute as applied to lawyers violates the Florida Constitution by intruding upon this Court's exclusive jurisdiction over the discipline of members of the bar of this state. Article V, section 15, Florida Constitution, provides: "The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted."
The appellant argues that the legislature may not criminalize conduct by a lawyer, committed in the course of his practice of law, unless the conduct is criminal per se. To adopt this view would be to say that the legislature may not punish conduct deemed harmful to the public welfare if the conduct also falls within the purview of this Court's authority to discipline lawyers for violating the Code of Professional Responsibility in the course of their practice of law. Simply because certain conduct is subject to professional discipline is no reason why the legislature may not proscribe the conduct. Under the police power, the legislature may enact penal legislation that affects the legal profession just as it can with regard to other occupations and professions.
The legislature, drawing upon its knowledge of conditions inimical to the public welfare and the community and perceiving that solicitation of legal business by an attorney or by others acting in his behalf represents a social evil which for many years had been denounced as an unethical practice in the legal profession, had constitutional power to make such practice a criminal offense.
Id. at 345.
The rationale of Pace is applicable here. Just as the legislature had the constitutional authority to make the solicitation of legal business a criminal offense in Pace, in the instant case it has the constitutional authority to enact legislation making it a *1185 crime for a disbarred person to practice law or hold himself or herself out as an attorney.
We recognize that in Sigma Fin. Corp. v. Investment Loss Recovery Servs., Inc., 673 So.2d 572, 573 (Fla. 4th DCA 1996), the Fourth District Court of Appeal stated "that the Florida Bar, as the official arm of the supreme court, is exclusively vested with the authority to prosecute claims for unauthorized practice of law." Sigma is distinguishable from the instant case. Sigma did not address a separation of powers issue, but involved a dispute between two private parties. The gravamen of the court's holding there was that the plaintiff corporation had no standing to enjoin the allegedly unauthorized practice of law by the defendant corporation. Further, in Sigma, the Fourth District relied solely upon Dade-Commonwealth Title Ins. Co. v. North Dade Bar Ass'n, 152 So.2d 723, 726 (Fla.1963). Similarly, the Dade-Commonwealth court did not face a separation of powers issue, but addressed whether a local bar association continued to have standing to bring an action in a state circuit court to enjoin the unauthorized practice of law after the adoption of Article V, section 23 of the 1885 Florida Constitution (now Article V, section 15) granting the Supreme Court exclusive jurisdiction over the admission and discipline of attorneys. In addressing this issue, Dade-Commonwealth held that the Florida Supreme Court's jurisdiction to prevent the unauthorized practice was "exclusive" vis-a-vis other state courts. Id. at 726. The court did not address the authority of another branch of government.

Application of Section 454.31

Not Superseded by Bar Rules
Palmer argues, and the trial court ruled, that section 454.31 cannot be applied against Palmer because the statute has been superseded by rules 3-7.14 and 10-1.2 of the Rules Regulating the Florida Bar. We cannot agree.
Rule 3-7.14, Rules of Discipline, provides:
These rules of discipline shall supercede such parts of section 458.18, 454.31, and 454.32, Florida Statutes (1991) as are in conflict herewith.
This rule is recognized in an editor's note to section 454.31 in Florida Statutes Annotated, which states that "[t]his section is superceded by the Rules of Discipline of the Rules Regulating the Florida Bar insofar as it is in conflict therewith. See Bar Rule 3-7.14." 15A Fla. Stat. Ann. 18 (2001).
Rule 10-1.2 provides:
The Florida Bar, as an official arm of the court, is charged with the duty of considering, investigating, and seeking the prohibition of matters pertaining to the unlicensed practice of law and the prosecution of alleged offenders. The court shall establish a standing committee on the unlicensed practice of law and at least 1 circuit committee on unlicensed practice of law in each judicial circuit.
The state and the Florida Bar argue that rule 3-7.14 does not purport to preempt the regulation of unlawful practice, and by its express language supersedes section 454.31 only to the extent of any conflict between the rule and the statute. The state and Bar further suggest that the only conflict between section 454.31 and the Rules Regulating the Florida Bar concerns the language in section 454.31 which states that the statute applies to any person who has been disbarred from the practice of law "by any circuit court of the state or by the Supreme Court of the state." We agree.
The practice of circuit courts disbarring attorneys ceased upon the integration of *1186 The Florida Bar and the adoption of the 1956 amendment to the 1885 Florida Constitution in Article V, section 23 giving the Supreme Court exclusive jurisdiction over the admission and discipline of attorneys. See Dade-Commonwealth Title Ins. Co. v. North Dade Bar Ass'n, Inc., 152 So.2d at 726. Section 454.31, however, has contained the reference to the circuit court since its enactment in 1937, see Chapter 18006, section 1, Laws of Florida (1937), and the statute has not been amended to reflect the current regulatory scheme. We agree with the state and the Bar that the language in rule 3-7.14 was directed to the incongruous reference to circuit courts within the statute. Further, we find an implicit recognition in the language of rule 3-7.14 that the legislature has the power to regulate unauthorized practice to the extent that there is no conflict with the authority of the court.
Similarly, rule 10-1.2 poses no conflict, because it simply delegates the Supreme Court's authority regarding investigation and prohibition of unlicensed practice to the Florida Bar and its appropriate committees. Nothing in the Rules Regulating the Florida Bar suggest that the Florida Bar's authority to take action against unlicensed practice is exclusive. Indeed, the Florida Bar argues forcefully in the present case that its authority in this area is not exclusive.
Turning to the trial court's reliance upon The Florida Bar v. Weisser, we find the case unpersuasive to support the notion that section 454.31 conflicts with the "ultimate responsibility" to prosecute Palmer for the unauthorized practice of law granted to the Supreme Court by the Florida Constitution. Weisser stands only for the principle that, while a referee's recommendation as to discipline of an attorney is persuasive, it is the Florida Supreme Court which has the "ultimate responsibility to impose an appropriate sanction." Weisser, 721 So.2d at 1144. Thus, neither the holding nor the language of Weisser is dispositive of the resolution of the instant case.
REVERSED and REMANDED for reinstatement of counts two, three and four of the state's information against Palmer.
WOLF and PADOVANO, JJ., concur.
NOTES
[1] Section 877.02(1), Florida Statutes (1973), provided in pertinent part, as follows:

(1) It shall be unlawful for any person or his agent, employee or any person acting on his behalf, to solicit or procure through solicitation either directly or indirectly legal business, or to solicit or procure through solicitation a retainer, written or oral, or any agreement authorizing an attorney to perform or render legal service, or to make it a business to solicit or procure such business, retainers or agreements ...