[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 07-10977
Non-Argument Calendar

-----------------------------------------

D.C. Docket No. 06-61597-CV-CMA

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 31, 2008
THOMAS K. KAHN
CLERK

VIVIAN GONCZI,
on behalf of herself and others similarly situated,

Plaintiff-Appellant,

versus

COUNTRYWIDE HOME LOANS, INC.,
d.b.a. America's Wholesale Lender,

Defendant-Appellee.

-----------------------------------------

No. 07-10981
Non-Argument Calendar

-----------------------------------------

D. C. Docket No. 06-61593-CV-CMA

PAUL FABRE,
CLAIR MILIEN,
on behalf of themselves and all others similiarly
situated,

Plaintiffs-Appellants,

versus

COUNTRYWIDE HOME LOANS, INC.,

Defendant-Appellee.

-----------------------------------------
Appeals from the United States District Court
for the Southern District of Florida
-----------------------------------------

**(March 31, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants appeal the grant of Defendant-Appellee Countrywide Home Loans, Inc's motion to dismiss Plaintiffs complaint, brought pursuant to Fed.R.Civ.P. 12(b)(1) and (6), based on Plaintiffs' lack of standing to maintain this suit. No reversible error has been shown; we affirm.

In the complaint, Plaintiffs sought to recover -- on behalf of themselves and all others similarly situated -- document preparation fees charged by Defendant for the services of clerical personnel in the preparation of documents for the issuance of mortgage loans. According to the complaint, Florida law prohibits Defendant from charging fees for document preparation services performed by clerical personnel not licensed to practice law. Plaintiffs sought the return of document preparation fees paid, along with other relief, in a two-count complaint for money had and received and for unjust enrichment. The district court determined that

Plaintiffs lacked standing to maintain this action: only the Florida Supreme Court has jurisdiction to determine whether the alleged acts constitute the unauthorized practice of law. We agree.

The important case on this issue is Dade-Commonwealth Title Insurance Co. v. North Dade Bar Ass'n, 152 So.2d 723 (Fla. 1963). The plaintiffs in Dade-Commonwealth alleged that defendants charged for the preparation by non-lawyers of legal documents used in real estate transfers and mortgages; the plaintiffs sought a declaration that such acts constituted practicing law without a license. The Florida Supreme Court determined, id. at 726, that the Dade-Commonwealth plaintiffs were not authorized to bring suit: the Florida Constitution grants the Florida Supreme Court "exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted." Fla. Const. art. V, § 15.[1] Under the Florida Constitution, the Florida Supreme Court is vested with exclusive jurisdiction over the admission to practice law, the discipline of those admitted, and the prohibition of practice by persons not members of the Florida Bar. Id. Dade-Commonwealth determined that allowing other courts the power to prevent the unauthorized practice of law would "ignore the word 'exclusive' in the relevant Constitutional provision." 152 So.2d at 726.

---

[1] At the time of the Dade-Commonwealth decision, this language (with minor modification) appeared in Fla. Const. art.V, § 23.

Based on this exclusive jurisdiction, the Florida Supreme Court has delegated its authority over the investigation and prohibition of the unlicensed practice to the Florida Bar. See State v. Palmer, 791 So.2d 1181, 1186 (Fla. DCA 2001). Rule 10-1.2 of the Rules Regulating the Florida Bar empowers the Florida Bar – acting as the official arm of the Florida Supreme Court – to initiate proceedings on the unauthorized practice of law. No private right of action exists for individuals to pursue an unauthorized-practice-of-law claim in the first instance; persons are limited to calling an infraction or misdeed to the Supreme Court's attention through appropriate channels. Dade-Commonwealth, 152 So.2d at 727.

As the district court set out, Florida courts have applied Dade-Commonwealth consistently to preserve the exclusive jurisdiction of the Florida Supreme Court to prevent the unauthorized practice of law. Plaintiffs seek to distinguish Dade-Commonwealth and its progeny by observing that injunctive relief is different than the disgorgement relief sought in their complaint. Injunctive relief is a form of equitable relief other than the equitable relief sought by Plaintiffs in this case. What we fail to see is how that distinction supports a different result. Imposing an "injunctive relief" limitation on the exclusivity of the Supreme Court's jurisdiction over these matters is unsupported in the caselaw and

4

would foster the very "confusion, if not chaos" from independent proceedings that the Supreme Court eschewed in Dade-Commonwealth. Id. at 726.

Plaintiffs point to one Florida case and to language taken out of context from Rule 10-7.1(d)(3) of the Rules Regulating the Florida Bar in Plaintiffs' attempt to establish an exception to the dictates of Dade-Commonwealth. In Vista Designs, Inc. v. Silverman, 774 So.2d 884, 887-88 (Fla. DCA 2001), the court allowed – without addressing jurisdiction – a counterclaim to proceed for restitution to recover fees paid to a lawyer unlicensed to practice law in Florida. But no suggestion exists in Vista Designs that the court actually considered the jurisdictional issue; we do not think the decision serves as much authority for the exercise of jurisdiction in the instant case. See Pennhurst State School & Hosp. v. Halderman, 104 S.Ct. 900, 918 (1984) ("'when questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us'")(quoting Hagans v. Lavine, 94 S.Ct. 1372, 1377 n.5 (1974); Main Drug, Inc. v. Aetna U.S. Healthcare, Inc., 475 F.3d 1228, 1231 (11th Cir. 2007) ("it is well-established circuit law that we are not bound by a prior decision's *sub silentio* treatment of a jurisdictional question" (internal quotation omitted); State v.

DuBose, 128 So. 4, 6 (Fla. 1930) ("no decision is authority on any question not raised and considered, although it may be involved in the facts of the case").

Plaintiffs' Rule 10-7.1(d)(3) based argument – raised for the first time on appeal – also fails to establish a general private right of action to sue for the unauthorized practice of law. Rule10-7.1 addresses complaints for injunctive relief filed by the Florida Bar; and Rule 10-7.1(c) addresses proceedings before a referee in the context of the investigation and prosecution of the unlicensed practice of law. Under Rule 10-7.1(d)(3), a referee in this kind of injunctive proceeding is authorized to recommend that restitution be ordered. The language which Plaintiffs seize out of context provides that "[n]othing in this section [10-7.1(d)(3)] shall preclude an individual from seeking redress through civil proceedings to recover fees or other damages." This quoted language creates no right of action; it merely affirms that the grant of authority to the referee to recommend restitution in an injunction proceeding instituted by the Florida Bar defeats no otherwise existing avenue of redress. Nothing in Rule 10-7.1 bars a civil proceeding against an individual who has been found by the Supreme Court to have engaged in the unauthorized practice of law.

Appellants' complaint was due to be dismissed.

AFFIRMED.